ELLIS B. EBERT

*v.*

EDWARD J. BEEDY.

*Filed at Springfield February 26, 1885.*

FICTITIOUS ACTION—*dismissal of proceedings.*  Where this court is satisfied that an action is fictitious, and the parties fail to appear and show that it is a real suit, after time and opportunity are given them so to do, the judgment appealed from will be reversed, and the cause remanded to the trial court, with directions to dismiss the same, and for this purpose a submission of the cause to this court on the merits, set aside.

APPEAL from the Circuit Court of Jersey county; the Hon. GEORGE W. HERDMAN, Judge, presiding.

Mr. W. H. BENNETT, for the appellant.

Mr. L. H. HITE, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This suit was originally commenced in ejectment, by Edward J. Beedy, against Ellis B. Ebert, in the City Court of East St. Louis.  At the next term after the issuing of the summons, by consent of parties, the venue in the cause was changed to the county of Jersey.  On the record being filed in the circuit court of Jersey county, a trial was had in that court, which resulted in favor of plaintiff,—that he recover the premises described in the declaration, and that he recover costs against defendant.  An appeal was allowed defendant, which he afterwards perfected to this court, and at the June term, 1883, the cause was submitted in this court for decision.

On looking into the record, there was something that indicated to this court the cause might be a feigned or a fictitious case, and with a view to ascertain whether it was or not, at the June term, 1884, the order taking the case was

set aside, and a rule was entered requiring the appellant, Ellis B. Ebert, to appear at the next term of this court and argue the cause orally, and to show cause, if any he had, why the appeal should not be dismissed. It was directed that a copy of that order should be sent to the sheriff of St. Clair county to be served, and it was so sent by the clerk of this court, but the order was returned not served on appellant because he could not be found in that county.

At the present term of this court a motion, or perhaps a suggestion, has been made by counsel *amicus curia*, that the cause is a feigned or a fictitious one, and that it should be dismissed. The motion or suggestion is supported by an affidavit of a party residing in St. Louis, who states in his affidavit that he is the owner of the premises described in the declaration; that he has the same enclosed with a fence; that he is in the actual possession of the same, and that until a few days before making the affidavit he never heard of any such persons as Ellis B. Ebert and Edward J. Beedy,—parties plaintiff and defendant. When the motion or suggestion was made that the cause should be dismissed because fictitious, counsel for appellant and appellee were given time to answer the suggestion. The time allowed them to do so has now elapsed, and no affidavit of the good faith of the parties in prosecuting the suit has been filed, nor has any suggestion from them whatever been made to this court. Under this state of facts the court is satisfied the case is fictitious,—not a real one; and it is the opinion of the court the judgment of the circuit court should be reversed, and the cause remanded, with direction to that court to dismiss the suit. *McConnell* v. *Shields*, 1 Scam. 582; *Spraggins* v. *Houghton*, 2 id. 211; *The People* v. *Leland*, 40 Ill. 118.

*Judgment reversed.*