CANADA WENDELL, Appellant, vs THE CITY OF PEORIA
et al. Appellees.

*Opinion filed October 24, 1916.*

1. APPEALS AND ERRORS—*Supreme Court will not occupy itself
with mere moot cases.* The Supreme Court will not occupy itself
with cases which do not involve the establishment of a right which
may be the subject of controversy between the parties.

2. SAME—*when decree dismissing bill for injunction must be
affirmed.* A decree dismissing a bill to enjoin the enforcement of
an ordinance requiring vaccination as a condition precedent to at-
tending public school must be affirmed where the ordinance had,
by its terms, expired when the case was submitted to the Supreme
Court for decision.

APPEAL from the Circuit Court of Peoria county; the
Hon. CLYDE E. STONE, Judge, presiding.

I. C. PINKNEY, and P. E. MANN, for appellant.

R. H. RADLEY, and P. J. LUCEY, Attorney General, for
appellees.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the
court:

Appellant on March 16, 1916, filed his bill in chancery
in the circuit court of Peoria county, to the May term there-
of, against appellees, the city of Peoria, the department of
health of the city of Peoria, and E. A. Garrett, commis-
sioner of health of said city, to enjoin the enforcement of
paragraph (*b*) of section 1 of an ordinance of said city,
providing, among other things, that no person shall attend
or be permitted to attend any public or private school who
has not been effectively vaccinated for the prevention of
small-pox within six years from the passage of said ordi-
nance. The bill alleged that he had four children of school
age attending the public schools in said city who had not
been vaccinated against small-pox and who refused to be

vaccinated as a condition precedent to their right to attend such schools, and that said ordinance is illegal and void. On March 18, 1916, appellees filed an answer to the bill, which answer was entitled to the May term, and with it the affidavits of the commissioner of health and of the police surgeon of said city, and on the same day filed their motion to dismiss the bill for want of equity. On March 23 following, the plaintiff filed a replication to the answer. On March 30, by agreement of the parties, it was ordered by the court that the cause be docketed to the March term of the court then pending, and on the same date the case was, submitted and heard by the court on the bill, answer, replication, affidavits and motion to dismiss as on a final hearing, and a decree was entered on the motion to dismiss, allowing said motion and dismissing the bill of complaint for want of equity. The complainant prayed and was allowed an appeal, and the trial judge certified that the validity of a municipal ordinance was involved and that in his opinion the public interest required that the appeal should be taken direct to the Supreme Court, and the appeal was accordingly perfected to this court and the cause submitted and taken at the June term.

Section 1 of the ordinance, a copy of which is attached to the bill of complaint contained in the record, provides as follows:

"Sec. 1. That in addition to all other ordinances of the city, and in addition to all other rules and regulations enforced in regard to health, the following rules and regulations shall be in full force and effect in the city of Peoria and in all that territory outside of the city lying within one-half mile of the city limits for the period of sixty (60) days from and after the taking effect of this ordinance."

Paragraph (a), immediately following, provides that "no child of the age of sixteen (16) years or under shall be in, or be permitted in, any theatre, moving picture show, skating rink, dance hall or other place of public amusement."

Paragraph (*b*), the one complained of, provides that "no person shall attend or be permitted to attend or be in any public or private school who has not been effectively vaccinated for the prevention of small-pox within six years from the passage of this ordinance, and no principal, teacher or other person in charge shall allow anyone to attend such school until there has been delivered to them or her a certificate in writing, signed by a reputable physician or by the parents, guardian or person having the care and control of the applicant, certifying that the applicant has been vaccinated effectively for the prevention of small-pox within a period of six years from the date of the passage of this ordinance," etc.

Paragraph (*c*) provides that all theatres and other places of amusement, and all street cars, shall be fumigated.

It appears from the bill and answer that the ordinance was passed by the city council of Peoria on the 14th day of March, 1916, and was published, as required by law, on the 16th day of March, 1916, and that the same went into effect on the 26th day of March, 1916. The ordinance was in effect during the period of sixty days after its passage and publication, only, which was the sixty-day period beginning March 26, 1916, and ending May 25, 1916, on which latter date the ordinance by its own terms expired. Accordingly the ordinance by its own terms had ceased to be in force and was no longer in effect when the cause was submitted and taken on the call of the docket at the June term of this court. The children of the appellant could have attended school without being vaccinated after May 25, 1916. There is therefore no longer any actual controversy between the parties. Courts will not occupy themselves with moot cases and cases which do not involve the establishment of a right which may be the subject of controversy between the parties. (3 Cyc. 420; *Lewis Publishing Co.* v. *Wyman,* 104 C. C. A. 453; *Hoig* v. *Thrap,* 84 Ill. 302; *Lesher* v. *Lesher,* 250 id. 382.) Even if this court reversed the de-

cree and granted all the relief that the appellant seeks, and ordered the court below to enter a decree granting the injunction prayed and making the same perpetual, it would be impossible for the court below to comply with such order and enjoin the enforcement of an ordinance that is no longer in existence, having expired by its own terms. The question, therefore, is a moot question and no substantial rights are involved.

The decree must be affirmed.          *Decree affirmed.* ·