(No. 10862.—Judgment affirmed.)

Gray Gordon Wick, Plaintiff in Error, *vs.* The Chicago Telephone Company *et al.* Defendants in Error.

*Opinion filed February 21, 1917—Rehearing denied April 4, 1917.*

1. Appeals and errors—*what fact does not technically constitute a release of errors.* On appeal from a judgment denying a petition for *mandamus* to compel a telephone company to re-install a telephone which it has removed from the petitioner's premises, the fact that the petitioner has, since the judgment was rendered, moved out of the premises where she was a tenant, when disclosed by affidavits in support of a motion to dismiss the appeal, does not technically constitute a release of errors but amounts to an abandonment or loss of the right of action.

2. Same—*an appeal may be dismissed on showing that controversy does not exist.* A court of review will dismiss an appeal or writ of error, on motion, where facts are disclosed by affidavits in support of the motion showing that a real controversy does not exist, even though such facts do not appear in the record.

3. Same—*court will not review cause merely to determine who shall pay costs.* Where there is no real, present question involving actual interests and rights for a reviewing court to consider on appeal or writ of error the cause will not be reviewed merely to establish a precedent or determine who shall pay the costs.

Dunn, J., dissenting.

Writ of Error to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. C. N. Goodwin, Judge, presiding.

Charles E. Erbstein, and Charles P. R. Macaulay, for plaintiff in error.

Holt, Cutting & Sidley, (Ralph G. Crandall, of counsel,) for defendants in error.

Mr. Justice Duncan delivered the opinion of the court:

This case comes to this court on a writ of *certiorari* to review the action of the Appellate Court in dismissing an appeal from an order of the superior court of Cook county denying a writ of *mandamus.*

It is alleged in the petition for *mandamus* that the defendants in error, the Chicago Telephone Company and W. G. Luscome, its superintendent, maintain and operate in the city of Chicago a telephone system for the use and benefit of the public; that the plaintiff in error maintains a residence at apartment 3, No. 3741 Indiana avenue, in said city; that up to February 24, 1915, the Chicago Telephone Company leased her a telephone in said residence and furnished her proper and needful connections for the use of the same; that on or about said date the company, without cause and against her protest, removed said telephone from the premises, severed connections therewith and refused her service although still maintaining and operating said system; that her demands for restoration of the service have been refused, and she prayed that a writ of *mandamus* be issued commanding the defendants in error forthwith to furnish and install a telephone instrument at said apartment, connect said instrument with the telephone system and to furnish plaintiff in error unlimited single party line residence telephone service.

Defendants in error answered, admitting all the allegations except the one that said telephone was removed and service denied without cause. They averred that plaintiff in error was using the premises referred to as a disorderly house and that the telephone was used in connection with said business; that she used said telephone for the purpose of calling up various members of the police department and using vile and profane language to them; that because said premises and the telephone were so used, and because the superintendent of police ordered the telephone service over the said line discontinued, they removed the telephone; that they refused to re-install the telephone and to restore the service thereof to her because the premises and the telephone were being used for purposes of vice and immorality. A replication being filed denying the averments of the answer upon which issue was joined, the cause was heard in

the superior court without a jury, the writ denied and costs taxed against the petitioner.

In the Appellate Court, after joining in error, defendants in error entered a motion to dismiss the appeal and supported the same with suggestions and two affidavits. One affidavit was made by the janitor of the building known as No. 3741 Indiana avenue, and the other by a real estate broker who attended to the renting of that place. From those affidavits it appears that subsequent to the decision of the superior court the plaintiff in error moved from said apartment 3 and was not living there. Counter-suggestions in opposition to the motion were filed by plaintiff in error which did not deny the facts set up in the affidavits but challenged their sufficiency.

It is urged by plaintiff in error that the Appellate Court erred in dismissing the appeal because the facts set up in the affidavits were outside of the record and had occurred after the rendition of the judgment in the superior court, and that such facts could not properly be considered as operating as a release of errors unless they had been specifically pleaded as such release. That general rule has been announced in *Moore* v. *Williams,* 132 Ill. 591. The facts set up in the affidavits do not technically constitute a release of errors. They simply amount to an abandonment or a loss of a right of action. The record evidence in the case showed clearly that plaintiff in error was not an owner of the premises but was a tenant,—a mere lessee. The affidavits also clearly disclose that she has moved away from the premises and is no longer a tenant or an occupant of the premises, and therefore is no longer entitled to the relief sought by her petition.

An appeal may be properly dismissed on a proper showing by affidavits. This court held in *Ebert* v. *Beedy,* 113 Ill. 316, that a suit should be dismissed upon a suggestion or affidavit being filed that the same is fictitious, after the appealing party has been given an opportunity to answer

the suggestions or affidavit and has failed to do so. The existence of an actual controversy is an essential requisite to an appellate jurisdiction, and a reviewing court will dismiss an appeal or writ of error where facts are disclosed which show that such a controversy does not exist, even though such facts do not appear in the record. It is the general rule that when a reviewing court has notice of facts which show that only moot questions or mere abstract propositions are involved it will dismiss the appeal or writ of error. *Keely* v. *Ophir Hill Mining Co.* 169 Fed. Rep. 601; *Butler* v. *Eaton,* 141 U. S. 240; *Ward* v. *Alsup,* 100 Tenn. 619; 46 S. W. Rep. 573; *Kimball* v. *Kimball,* 174 U. S. 158; 19 Sup. Ct. 639; 3 Corpus Juris, secs. 112, 113, p. 357.

This case is not strictly a fictitious or collusive one, but the main issue involved in the suit when it was begun has no longer an existence. Plaintiff in error cannot, under any theory of the case, be now entitled to a writ of *mandamus* to compel defendants in error to provide her with a telephone and telephone service at said apartment as she is no longer an occupant or tenant of the place. She has lost her right to occupy said apartment, either by abandonment or by forfeiture of her right or by extinguishment thereof by the natural termination of the lease. It does not appear from the record how she came to move away from the premises, but it does clearly appear that she is no longer an occupant of the premises, and therefore does not now have the right to compel the defendants in error to furnish her with telephone service. This leaves merely a question of costs in the case.

When there is no real present question involving actual interests and rights for a reviewing court to consider, the court should not be compelled to review a cause merely for the purpose of determining who ought to pay the cost of the suit. So far as we know, this exact question has never been presented to this court for decision. We are inclined to follow the other courts of last resort which hold that a

reviewing court should not be called upon to decide questions that no longer exist, merely for the sake of making a precedent or of deciding the case to settle a simple matter of costs. *Faucher* v. *Grass,* 60 Iowa, 505; 15 N. W. Rep. 302; *Dunn* v. *State,* 163 Ind. 317; 71 N. E. Rep. 890; *Stauffer* v. *Salemonie Mining and Gas Co.* 147 Ind. 71; 46 N. E. Rep. 342; 3 Corpus Juris, sec. 115, p. 360, and cases there cited.

The order and judgment of the Appellate Court dismissing the appeal are affirmed.        *Judgment affirmed.*

Mr. JUSTICE DUNN, dissenting.