**Henry Duppe, Appellant, v. A. M. Duncan, Appellee, and Stegmeyer-Woolard Drug Company and Chapman Doak Company, Defendant Garnishees and Appellees.**

Opinion filed September 6, 1934.

42

D. F. Moore, for appellant.

Frank E. Trobaugh, for appellee.

Mr. Justice Stone delivered the opinion of the court.

Henry Duppe, appellant, filed this suit against A. M. Duncan and others to the November Term 1931 of the circuit court of Franklin county. The action was for damages for negligence of Duncan and others as directors of the Mercantile Bank & Trust Company of Benton, Illinois, a closed bank. On September 28th he filed his affidavit for attachment in aid. An attachment was awarded him and by virtue thereof the sheriff levied upon certain real estate. By said attachment writ appellees Stegmeyer-Woolard Drug Company, a corporation, and Chapman Doak Company, tenants of the property levied upon, were summoned as garnishees. On February 4, 1933, the defendant-garnishee, Stegmeyer-Woolard Drug Company, a corporation, entered its motion to quash service of the writ of attachment on it on two grounds: (1) That said writ was issued without bond and that plaintiff was not examined under oath and the amount of damages indorsed by the presiding judge on the affidavit for attachment. (2) That said writ was issued and served upon G. S. Stegmeyer and F. W. Woolard, doing business as Stegmeyer-Woolard, a copartnership, and that service of said writ was made upon Ford Woolard as one of the copartners, when in truth and in fact Stegmeyer-Woolard Drug Company was a duly organized corporation and said Woolard was its secretary. No action was ever had on this motion until February 6, 1934, when defendant, A. M. Duncan, filed his motion to quash the writ of attachment and the service and return thereof and to strike the affidavit for attachment from the files and to release the property at-

tached and discharge the garnishees on the ground that plaintiff did not apply to a judge of the court and be examined under oath concerning his cause of action prior to the time of issuing said writ; that said judge did not examine the plaintiff on oath concerning his cause of action and indorse on the affidavit for attachment the amount of damages for which the writ should issue; that no bond was given by the plaintiff prior to the issuance of such attachment as required by statute; and that the affidavit filed by the plaintiff in such proceedings does not show the right of the plaintiff to such attachment. The plaintiff filed his cross motion to strike the motion of A. M. Duncan from the files and by stipulation of attorneys in open court, said cross motion was extended to the motion of Stegmeyer-Woolard Drug Company, a corporation, filed February 4, 1932. On February 20, 1934, plaintiff filed his motion asking the court to amend the affidavit for attachment by indorsing thereon, *nunc pro tunc,* the amount of damages for which said writ should issue. On March 1, 1934, the defendant, A. M. Duncan, filed his motion to strike from the files the plaintiff's motion to amend, which sets out at length in 13 paragraphs covering eight pages of the record, reasons therefor, which motion is verified by the affidavit of Canna Gentry and supported by affidavits of Moses Pulverman and Frank E. Trobaugh and the garnishee, Stegmeyer-Woolard Drug Company, a corporation, by Moses Pulverman, its attorney, filed the same motion on behalf of Stegmeyer-Woolard Drug Company, a corporation, which is verified by the affidavit of Ford Woolard, secretary-treasurer of Stegmeyer-Woolard Drug Company, a corporation. The intervening paragraphs from one to thirteen, inclusive, are identical with the motion of A. M. Duncan. Such motion is also supported by the affidavits of Moses Pulverman and Frank E. Trobaugh, which are identical with the affi-

davits of the same parties in support of the Duncan motion. Each of these motions and the affidavits in support of the same set out in substance that Stegmeyer-Woolard Drug Company, a corporation, is a third party whose rights have intervened since the issuance of said attachment in this: that pursuant to advice of counsel, it had paid the rent on said premises to the defendant, A. M. Duncan, and Rosella Duncan, his wife, notwithstanding said attachment; that Canna Gentry was an innocent third party whose rights had intervened since said attachment in this that on September 17, 1933, the said A. M. Duncan and Rosella Duncan had confessed a judgment in her favor in the circuit court of Franklin county for the sum of $2,451.61 on a promissory note dated December 1, 1932; that on the 16th day of December, 1933, she had sued out an execution on said judgment and delivered the same to the sheriff of Franklin county with directions to levy said execution on the interest of A. M. Duncan in the property attached with a purpose on her part of redeeming said property from the sheriff's sale made on the Bailey judgment, provided she could do so free and clear of the lien of this attachment and for that reason desired the attachment quashed.

On the 2nd day of March, 1934, the court made an order denying the plaintiff leave to amend, quashing said attachment and striking from the files the affidavit for attachment, the attachment writ and releasing the garnishees and releasing the levy of the attachment on said property. The plaintiff duly excepted to said ruling of the court and filed his notice of appeal and has perfected the appeal within the time and manner required by law and now asks that said judgment denying his leave to amend and quashing said attachment and the levy thereof and releasing said property and said garnishees be reversed with directions to amend the affidavit by indorsing thereon the amount of damages for which said writ should issue.

Prior to the starting of appellant's suit Mr. and Mrs. Charles Bailey, on March 22, 1932, recovered judgment against A. M. Duncan and others. Execution was issued on said judgment and levy made, and on December 8, 1932, the property upon which appellant's attachment had been levied was sold to satisfy the Bailey judgment. The period of redemption was allowed to expire without any move by appellant toward redemption. A sheriff's deed was afterward issued conveying all the land upon which said attachment had been levied.

On the 4th day of May, 1934, appellee, A. M. Duncan, died and his death has been suggested upon the record in this case.

This being an action on the case to recover damages for the negligence of appellee, Duncan, and the said Duncan having died during the pendency thereof we must, in following a long line of authorities, hold that such death abates this suit. *Jones v. Barmm,* 217 Ill. 381; *Murphy v. Candor,* 263 Ill. App. 226; *Shedd v. Patterson,* 312 Ill. 371; *Cairo Meal & Cake Co. v. Estate of Brigham,* 268 Ill. App. 510; *Bradley v. Federal Life Ins. Co.,* 295 Ill. 381.

In *Jones v. Barmm, supra,* our Supreme Court said: "If the case comes under any provision of the statute it must be the one with reference to actions to recover damages for an injury to personal property. Taking into consideration the well known meaning of the term 'personal property' and the connection in which it is used in the statute, we are of the opinion that it was . . . intended to apply only to actions for damages to tangible articles and things movable." The damages alleged in the declaration in this cause may not be construed to be damages to personal property within the interpretation of that term by the above authority. Neither do they come within any other provision of the statute.

Even if this case could be said to survive and proper parties were brought into court no possible relief could be given appellant by a reversal of this judgment. This is not a question of his cause of action; it concerns the means by which he purposed to collect his judgment should he get one. He lost every possibility of right to have satisfaction of a judgment out of the property levied upon under his attachment, by sitting idly by while a prior judgment creditor of Duncan sold the property and while the period of redemption passed by means of which the certificate of purchase at the sale ripened into the right to a deed to the premises. This record conclusively shows that state of facts. A court could no more put life and virtue into this attachment so far as the property upon which it was levied is concerned, than it could lawfully take property away from one citizen and give it to another. There is therefore nothing to decide. This is a moot question. The courts ought not to be called upon to decide, and will not decide such questions. *People v. Village of Oak Park,* 356 Ill. 154; *Ebert v. Beedy,* 113 Ill. 316; *Tuttle v. Gunderson,* 341 Ill. 36; *People v. Sweitzer,* 329 Ill. 380; *Wick v. Chicago Telephone Co.,* 277 Ill. 338; *Purcell v. Bundesen,* 265 Ill. App. 540.

The appeal in this cause should be and it is hereby dismissed.

*Appeal dismissed.*