(No. 25006.—)
ROMAN CHAITLEN *et al. vs.* THE KASPAR AMERICAN STATE BANK *et al.*—(THE BEVERLY FUEL COMPANY *et al.* Appellants, *vs.* ANTON ADOLF *et al.* Appellees.)

*Opinion filed June 15, 1939—Rehearing denied October 4, 1939.*

CAPLOW, KALLEN & CAPLOW, and MAURICE L. DAVIS, (CHARLES F. McELROY, of counsel,) for appellants.

RING, UHLIR & CUCHNA, JEROME J. CERMAK, DAVIS, RUBOVITS & DAVIS, SABATH, PERLMAN, GOODMAN & REIN,

RATHJE, HINCKLEY, BARNARD & KULP, THEODORE B. JANSEY, ROBERT FRIEDLANDER, EMIL CHARLES WOLF, KERNER, JAROS & TITTLE, and CAMERON & HEATH, (OTTO F. RING, and THEODORE RUBOVITS, of counsel,) for appellees.

Mr. JUSTICE FARTHING delivered the opinion of the court:

The Kaspar American State Bank, by resolution of its board of directors, discontinued business on June 24, 1932. Its assets were taken over by the Auditor of Public Accounts who appointed a receiver and filed a dissolution proceeding in the superior court of Cook county. The appellants, Roman Chaitlen, the Beverly Fuel Company, a corporation, Frank Krcmarik, Agnes Krcmarik and the Klub Letem System, Inc., whose bills of complaint were consolidated in the superior court, filed representative suits to enforce the superadded liability of appellees as stockholders in the bank. The first bill of complaint was filed on June 25, 1932, and the case has since proceeded under the Practice act of 1907. Upon the filing of the bill a receiver was appointed but he has never collected any money by virtue of his appointment. Appellants made several amendments to their bill but no evidence was taken, and on April 11, 1938, the defendants filed a cross-bill in which they named as cross-defendants the appellants here. The cross-bill alleged that the Auditor's receiver took possession of the bank and paid all the preferred claims and twenty-five per cent on the common claims before April 15, 1933; that the stockholders elected a new board of directors in January, 1933, and a plan of reorganization was formulated under the supervision of the Auditor of Public Accounts. Under this plan the old capital stock of the total par value of $1,600,000 was to be canceled and $300,000 new money was to be raised by the sale of 12,500 shares of new stock with a par value of $20 per share, or a total of $250,000. Twenty-

five thousand dollars of the new money was to be placed in a surplus account and the remaining $25,000 in a reserve fund. The depositors were requested to waive $1,800,000 or more of their claims which were to be paid out of certain slow assets which were to be placed in a liquidation fund and out of future profits of the bank. Before the reorganization was completed the Auditor of Public Accounts imposed the further condition that the bank insure its deposit liability with the Federal Deposit Insurance Corporation, and this was done. The bank obtained waivers of more than $1,800,000 from 7,047 of its creditors. Each creditor was asked to waive sixty per cent of his claim and accept in lieu thereof the right to receive payment out of slow assets and future profits. The sixty per cent thus waived was to be represented by a certificate of beneficial interest issued by the bank, and the creditor was to have the right to withdraw the remaining forty per cent at any time after the reorganization was completed. The waivers were approved by the Auditor and accepted by the bank and a certificate of beneficial interest was issued to each creditor who signed the waiver agreement and the bank was reopened. The Auditor obtained an order in the superior court dismissing the liquidation proceeding without prejudice to any rights or claims of any creditor as against any stockholder. It was further alleged that, upon reopening, the bank notified all its depositors that it had resumed its banking business and that all claims not waived would be paid and that it was able to meet all such demands. As to the appellants, it was alleged that Roman Chaitlen, who did not sign a waiver agreement, had a balance of $71.95 to his credit in a checking account when the bank closed; that on October 14, 1937, the bank tendered Chaitlen $71.95, $30 for filing fees in the causes consolidated herein, and $372.40 sheriff's fees, but that the tender was refused. It alleged tender has since been kept open. The Beverly Fuel Company had a checking account upon which it was

paid twenty-five per cent by the Auditor's receiver. It signed a waiver for $115.76 and accepted a certificate of beneficial interest therefor, and on April 13, 1935, withdrew the balance not waived amounting to $43.02 and closed its account. Its certificate of beneficial interest was assigned to the Coal Service Company which now owns the certificate, and it is admitted in the briefs that twenty-five per cent has been paid to the latter company as dividends. The Krcmariks did not sign a waiver agreement, but have been paid in full. The Klub Letem System, Inc., signed a waiver agreement and withdrew $28.49, the forty per cent which was not waived. It also has received twenty-five per cent in dividends on the balance it waived. The crossbill prayed that the second amended and supplemental bill of complaint, as amended, be dismissed at appellants' costs, since they were no longer creditors of the bank or had refused tender of the amount due. The appellants, in their answer, averred that the tender to Chaitlen was insufficient because it did not include a sum for attorneys' fees or for the premium paid on the receiver's bond. The answer contained many other allegations, and appellees filed exceptions to it. The court sustained the exceptions, the crossbill was taken as confessed and its prayer was granted. Appellants individually, and not in their representative capacity, perfected an appeal to this court, because a construction of section 6 of article 11 of the constitution of 1870 is involved.

Appellees have filed a motion to dismiss the appeal on the ground (1) that there is no real present question involving actual interests and rights for this court to consider, and (2) the attorneys for the named appellants have no authority to appeal for them. This motion was taken with the case and requires our consideration.

During the six years that this cause has been pending no creditors other than appellants have joined in the suit as complainants, with the exception of Anton and Anna Sedlecka, who did not appeal, and since the reorganization

of the bank there are no other persons who could join. The bank is ready, willing and able to pay all non-waiving creditors and has secured waivers from the remainder. The stockholder is liable to the same extent as the bank—that is, to pay upon demand made of the bank in such sums, at such times, and to such persons as the depositor may direct. He can be held to no other terms and no action can be maintained against him until demand is made on the bank or until demand is made unnecessary by the closing of the bank. (*Sanders* v. *Merchants State Bank,* 349 Ill. 547, 564.) The only controversy in this case concerns the right of appellants' attorneys to fees. The creditors who signed the waiver agreement are not complaining, and those who did not sign may have their money by asking for it. The liability of appellees as stockholders to creditors of the bank is in no way involved.

We held in *Ebert* v. *Beedy,* 113 Ill. 316, that a suit should be dismissed upon a suggestion or affidavit being filed that the same is fictitious, after the appealing party has been given an opportunity to answer the suggestions or affidavit and has failed to do so. The rule is well settled that the existence of an actual controversy is an essential requisite to appellate jurisdiction, and a reviewing court will dismiss an appeal where facts are disclosed which show that such a controversy does not exist, even though such facts do not appear in the record. When there is no real present question involving actual interests and rights for a reviewing court to consider, the court should not be compelled to review a cause merely for the purpose of determining who ought to pay the cost of the suit or to establish a precedent. *Wick* v. *Chicago Telephone Co.* 277 Ill. 338; *People* v. *Sweitzer,* 329 id. 380; *Jones* v. *Clark,* 355 id. 527; *People* v. *Village of Oak Park,* 356 id. 154; *National Jockey Club* v. *Illinois Racing Commission,* 364 id. 630.

It appears that the appellants, with the exception of the Beverly Fuel Company, did not authorize this appeal, or notify counsel that they did not want to appeal. The Bev-

erly Fuel Company was dissolved June 10, 1932, and has assigned its certificate of beneficial interest to the Coal Service Company. Appellants' counsel contend that the company nevertheless has the right to appeal, since the statute (Ill. Rev. Stat. 1931, chap. 32, sec. 14) gives it the right to continue in existence for two years after its dissolution "for the purpose only of collecting debts due such corporation." Without deciding whether this statute would give it authority to maintain a suit in a representative capacity to collect a debt due a third party, it is sufficient to say that the company did not appeal in its representative capacity and so it is not concerned with the rights of any other creditors. (*Kape* v. *Home Bank & Trust Co.* 370 Ill. 170.) The Beverly Fuel Company is no longer interested in this suit and has no right to appeal.

Appellants contend that their interest in attorneys' fees alone gives them a right to prosecute an appeal. They cite no cases directly in point, and their position is in conflict with our policy not to review cases merely to fix the liability for costs.

This is not a case where counsel for appellants are entitled to protection by reason of their clients' fraudulent efforts to avoid payment of contingent fees based upon contract. The statute (Ill. Rev. Stat. 1937, chap. 16½, sec. 11) provides that attorneys fees may be paid out of the fund collected from the stockholders, but no such money was ever collected. No equity, therefore, appears calling for the protection of a court of chancery. Counsel have no such interest as will support the appeal against the express directions of their clients.

There is no interested appellant before the court and so the appeal is dismissed. *Appeal dismissed.*