John L. Sullivan, et al., Plaintiffs-Appellees, v. Dolores Sheehan, et al., etc., Defendants-Appellees. Harry R. O'Donnell, et al., Intervening Defendants-Appellants.

Gen. No. 47,456.

First District, First Division.

February 16, 1959.

Released for publication March 10, 1959.

Murphy, Pearson & O'Connor, and George D. & Harold W. Sullivan, all of Chicago (Walter Wm. Pearson, Harold W. Sullivan, of counsel) for appellants.

John C. Melaniphy, Corporation Counsel of City of Chicago (Sydney R. Drebin, James C. Murray, Assistant Corporation Counsel, of counsel) for defendants-appellees.

JUSTICE DEMPSEY delivered the opinion of the court.

This is an appeal, by intervening defendants, from a judgment on the pleadings entered in an action for declaratory judgment.

The complaint, brought by thirty-eight police lieutenants against the Civil Service Commissioners of Chicago, sought to define the right of the defendants to expunge the records of a promotional examination for captain of police held in December 1954, and their right to call a new examination for the same purpose. The complaint alleged that irregularities, which violated the commission's rules, accompanied the examination. The defendants admitted some of the charges and denied others. Seventeen lieutenants intervened as defendants; they denied the irregularities and challenged the jurisdiction of the court. The order of the court was based on the pleadings alone; it declared that the commissioners had the authority and power to, and that they should, expunge the December 1954 examination and call a new examination.

The intervening defendants urge that the complaint sounded in equity and the court had no equitable jurisdiction to determine a political right; that judgment should not have been entered on the pleadings because some averments of the complaint were denied and evidence was therefore required. The defendants contend that the cause is moot and that the appeal should be dismissed. The plaintiffs have not appeared in this court and have not filed a brief.

Affidavits have been filed which show that after the chancellor entered his order the commissioners, while emphasizing that they were exercising their administrative discretion, expunged the prior examination and issued a call for a new examination. It is

undisputed that this examination has been held and a list of eligibles has been posted. The plaintiffs have received all the relief prayed for in their complaint, the order of the court in effect has been complied with, and the case has become moot.

█ █ Where the issues involved in the trial court no longer exist, an appellate court will not review a case merely to decide abstract or moot questions. Siefferman v. Johnson, 406 Ill. 392. There is no compelling reason why this court should entertain this appeal. This is a controversy between individuals and the public interest is only indirectly concerned.

If, however, this appeal were to be dismissed the order of the Superior Court, directing the Civil Service Commission to expunge the examination of 1954, would still be in effect and could have the force of res judicata. In La Salle Nat. Bank v. City of Chicago, 3 Ill.2d 375, a similar situation was presented to the court. The plaintiff brought an action to declare a Chicago ordinance unconstitutional. The ordinance required the consent of a majority of the property owners in a block before a license to operate a nursing home could be issued. Neighboring property owners intervened as defendants. The lower court held the ordinance unconstitutional. While the appeal was pending the plaintiff was issued a license. The Supreme Court held that the case was moot but declined to dismiss the appeal. The court said:

"In our opinion, appropriate disposition of this case requires that the judgment of the Circuit Court, which cannot be reviewed because intervening events have made the case moot, be set aside. Such a disposition makes it clear that the matter will not be res judicata since there is no judgment on the merits."

The conditions and circumstances of this case closely parallel the La Salle case. The problem seems to be identical. The Supreme Court found that the case

was moot but was concerned with the res judicata effect of the lower court's order. For the same reason, and for this reason alone, the order of the Superior Court will be reversed and the cause remanded with directions to dismiss the complaint.

Reversed and remanded with directions.

McCORMICK, P. J. and SCHWARTZ, J., concur.