Edward V. Gold, Appellee, v. B/G Foods, Inc., Appellant.

Gen. No. 47,674.

First District, Third Division.
December 9, 1959.
Rehearing denied January 28, 1960.
Released for publication January 29, 1960.

Winston, Strawn, Smith, and Patterson, of Chicago (Reuben A. Borsch, Edward J. Wendrow, and David J. Hardy, of counsel) for appellant.

Rothbart and Rosenfield, of Chicago (J. M. Rosenfield and Thomas E. Moran, of counsel) for appellee.

PRESIDING JUSTICE BRYANT delivered the opinion of the court.

This is a cause of action involving the question of res adjudicata. The facts are as follows: Edward V. Gold was a director of the defendant corporation. As such director he desired to examine the shareholders list. The board of directors were advised by counsel. He did not have a proper purpose as his only purpose was one relating to the purchase of stock. As a consequence, they refused his request. He thereupon filed this suit for mandamus in the Circuit Court of Cook County. He soon thereafter filed his stockholder's request to examine the list and he was furnished with a copy of the list of stockholders. At the subsequent stockholders meeting Mr. Gold was not re-elected a director and is not now a director. It is urged by both parties that at the present time a moot question is involved. There is no doubt that the granting of a mandamus would be ineffective as the time has passed and it would be equally ineffective to deny the mandamus in this case. The question presented is whether a simple order of dismissal of the appeal or an order remanding it to the lower court with instructions to dismiss is the proper order in this case.

La Salle Nat. Bank v. Chicago, 3 Ill.2d 375, is a case which involved a similar issue. It is a case involving the validity of a consent to a building ordinance. The City of Chicago did not appeal. The plaintiffs had moved to dismiss the appeal on the grounds that the case was now moot. The supporting affidavit states that on February 9, 1954, after entry of a decree and judgment below, the City of Chicago issued its license to Kenmore, Inc. to operate a nursing home at the location in question. A photostatic copy of the license is attached to the motion. Interveners had filed countersuggestions to the motion to dismiss, arguing that the case had not become moot and even if it had, that the appeal should not be dismissed. The court said, at page 378:

"A case is moot when it does not involve any actual controversy. (Chicago City Bank & Trust Co. v. Board of Education, 386 Ill. 508.) Where the issues involved in the trial court no longer exist, an appellate court will not review a case merely to decide moot or abstract questions, to establish a precedent, or to determine the right to, or the liability for, costs, or, in effect, to render a judgment to guide potential future litigation. [citing cases] Since the existence of a real controversy is an essential requisite to appellate court jurisdiction, the general rule is that where a reviewing court has notice of facts which show that only moot questions or mere abstract propositions are involved, it will dismiss the appeal or writ of error even though such facts do not appear in the record. [citing cases] From the necessity of the situation courts allow facts which affect their right and duty to proceed in the exercise of their appellate jurisdiction, but which do not appear in the record before it, to be proved by extrinsic evidence. [citing cases] Such a fact may be presented, as here, by motion supported by affidavit. [citing cases]."

This covered the question of mootness in our case. At page 381 the court continued:

"With this contention we agree. In most of the cases where the issues have become moot, the appeals have been dismissed. The practice has not, however, been uniform; judgments and decrees have been affirmed; (People v. Sweitzer, 329 Ill. 380; Wick v. Chicago Tel. Co., 277 Ill. 338; Wendell v. City of Peoria, 274 Ill. 613;) judgments and decrees have been reversed (People v. Redlich, 402 Ill. 270;) and there have been reversals and remandments, Ebert v. Beedy, 113 Ill. 316."

The court followed this discussion by quoting from Brownlow v. Schwartz, 261 U. S. 216:

" 'This court will not proceed to a determination when its judgment would be wholly ineffectual for want of a subject matter on which it could operate. An affirmance would ostensibly require something to be done which had already taken place. A reversal would ostensibly avoid an event which had already passed beyond recall. One would be as vain as the other. To adjudicate a cause which no longer exists is a proceeding which this court uniformly has declined to entertain. [Citations] . . . The case being moot, further proceedings upon the merits can neither be had here nor in the court of first instance. To dismiss the writ of error would leave the judgment of the Court of Appeals requiring the issuance of the mandamus in force—at least apparently so—notwithstanding the basis therefor has disappeared. Our action must, therefore, dispose of the case, not merely of the appellate proceeding which brought it here. The practice now established by this court, under similar conditions and circumstances, is to reverse the judgment below and remand the case with directions to dismiss the bill, complaint or petition. [Citations]' Cf.: United States v. Munsingwear, Inc., 340 U. S.

36; Scott, Collateral Estoppel by Judgment, 56 Harv. L. Rev. 1, 16."

This determines whether its mootness is covered by the situation where it must be reversed and remanded.

This matter was also heard in Maywood Park Trotting Ass'n v. Illinois Harness Racing Commission, 15 Ill.2d 559. It was a contest in regard to the allocation of dates for a racing meet. There the court was fully aware that it could not dispose of the matter and spoke as follows:

"The allocation of 1959 dates has now been accomplished, and that determination is ripe for review. However, that record is not before us, and our opinion in the case at bar could be no more than a declaration of principles for the government of future cases. [citing cases] Historically, we have no power to do this. [citing cases] We recognize the practical difficulty of obtaining an adjudication of the legal rights of the parties involved before the expiration of the annual racing season. However, the task of providing a more expeditious procedure of review of the proceedings before the Harness Racing Commission does not rest with the judiciary. Relief must be sought before the Legislature.

"We conclude that this case is now moot, and therefore express no opinion as to the constitutional issues or the merits of the case below. Since we do not wish to be understood as affirming the trial court, we therefore reverse and remand the cause to the Superior Court of Cook County, with directions to dismiss the complaint on the ground of mootness. La Salle Nat. Bank v. Chicago, 3 Ill.2d 375."

In Sullivan v. Sheehan, 20 Ill.App.2d 380, the first division of our court disposed of this question, saying in part: in our opinion, the judgment of the Circuit Court cannot be reviewed because intervening events

have made the case moot; conditions and circumstances in this case closely parallel those in the La Salle case; the problem seems identical; the Supreme Court found the case to be moot but was concerned with the res adjudicata effect of the lower court's order; for this reason and for this reason alone, the order of the Superior Court will be reversed and the cause remanded with directions to dismiss the complaint.

It seems clear that this case should have the same order. The motion by appellant filed December 24, 1958, is reconsidered, the order of January 5, 1959, denying the motion is vacated, the judgment of the Circuit Court is reversed and the cause is remanded with directions to dismiss.

Reversed and remanded with directions.

BURKE and FRIEND, JJ., concur.