Fred E. Busbey, Plaintiff, v. Chicago Athletic Association of Chicago, a Not-For-Profit Corporation, Defendant-Appellee, Julia M. Busbey, Executrix of the Last Will and Testament of Fred E. Busbey, Deceased, Appellant.

Gen. No. 51,498.

First District, First Division.

June 26, 1967.

Crowley, Sprecher, Barrett & Karaba, of Chicago (Robert A. Sprecher, of counsel), for appellant.

Gann, McIntosh, Stead and O'Shaughnessy, and Gilmartin & Wisner, of Chicago (Paul E. Flaherty and Richard S. Wisner, of counsel), for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

In this action, Fred E. Busbey filed a bill of complaint seeking to enforce his rights in a perpetual, assignable Life Membership Certificate in the Chicago Athletic Association. The Chancellor, after considering the complaint, answer, defendant's motion for summary judgment with supporting affidavit and the plaintiff's motion for summary judgment with two affidavits, entered summary judgment on April 1, 1966. He also found that "[t]here is no just reason for delaying enforcement or appeal of and from this judgment and decree, or any part thereof," and this appeal and cross-appeal was filed.

The essential facts are undisputed and indicate that the defendant, Chicago Athletic Association, an Illinois not for profit corporation, issued 200 life memberships about the year 1900, including Certificate No. 199 issued to Axel Lonquist as a bona fide life member. In April of 1941, the plaintiff, Fred E. Busbey, purchased Lonquist's Membership Certificate from the receiver of a bank. On June 10, 1963, plaintiff filed a complaint against the Chicago Athletic Association (hereinafter referred to as "the Club") in which he sought an order directing the Club to transfer the Certificate to his name or in the alternative to direct the Club to purchase the Certificate at the price at which such certificates are currently being sold and purchased.

The Chancellor decreed, and it is not disputed, that Fred E. Busbey was the lawful holder and owner of Certificate No. 199 and had the right to convey or assign his interest in the Certificate to any person. Fred E. Busbey died on February 11, 1966, his widow and executrix being substituted as party plaintiff, and the attempt to have the court direct the Club to transfer the Certificate to him is now moot by reason of his death.

The plaintiff appeals only from certain numbered Findings of Fact and part of the order by the Chancellor, which are as follows:

8. If the person who becomes the assignee of Certificate No. 199 is, at the time, a resident or non-resident member of the Chicago Athletic Association, the defendant shall recognize the transfer of Certificate No. 199, to such assignee:

> (1) Upon the payment by him to the defendant of Four Hundred Dollars ($400.00) as set forth in that Certificate . . .
> . . . . . .

3

11. The defendant, Chicago Athletic Association, is not hereby and cannot be required to purchase said Certificate No. 199 from the plaintiff, his legal representatives, heirs or assigns.

12. The defendant, Chicago Athletic Association, is not hereby and cannot be required to elect the plaintiff, his legal representatives, heirs or assigns to Life Membership in the Association.

. . . . . .

D. If the person who becomes the assignee of Certificate No. 199, is, at the time, a resident or non-resident member of the Chicago Athletic Association, the defendant shall recognize the transfer of Certificate No. 199, to such assignee:

(1) Upon the payment by him to the defendant of Four Hundred Dollars ($400.00) as set forth in that Certificate and . . .

. . . . . .

G. Insofar as plaintiff's complaint prays that this Court (a) order and direct the defendant to transfer the Certificate No. 199 into the name of the plaintiff, or, (b) in the alternative, order and direct the defendant to purchase said certificate, the same is hereby dismissed with prejudice for failure to set forth a claim upon which relief can be granted.

The defendant cross-appeals from the Findings of Facts, paragraph 9, and from paragraph E of the order, which are as follows:

9. If the person who becomes the assignee of Certificate No. 199 is, at the time, not a member of the Chicago Athletic Association, the defendant shall recognize the transfer of Certificate No. 199 to such assignee: (1) Upon the payment by him to the defendant of Four Hundred Dollars ($400.00) as set

forth in that Certificate and (2) Upon the election of the assignee by the Board of Directors of the defendant to a Life Membership as provided in the by-laws of the Chicago Athletic Association at the time of said assignment.

. . . . . .

E. If the person who becomes the assignee of Certificate No. 199 is, at the time, not a member of the Chicago Athletic Association, the defendant shall recognize the transfer of Certificate No. 199 to such assignee: (1) Upon the payment by him to the defendant of Four Hundred Dollars ($400.00) as set forth in that Certificate and (2) Upon the election of the assignee by the Board of Directors of the defendant to a Life Membership as provided in the by-laws of the Chicago Athletic Association at the time of said assignment.

Mr. Victor Tuccy, the Executive Secretary and Comptroller of the Club, testified in a discovery deposition that no new life memberships were created after the 200 were issued in 1900; that upon the death of any life member the legal representative is required to offer the certificate for sale to the Club and if the Club rejects the offer of sale, the legal representative has the right to sell the certificate to any person acceptable by the Club as a member; that the Life Membership Certificate exempts the life member from dues, assessments and imposts of any kind; that the policy of the Club is to purchase and retire Life Membership Certificates, but that the Club does not encourage transfers to new life members.

Plaintiff concedes that the Club may select and choose its own members, but argues that she is seeking (1) either to assign the Certificate to a person who already is a member of the Club as a resident or nonresident member or (2) to be paid the value of the Certificate by

5

the Club. The Certificate in question recites that a vote of the Board of Directors is required for election to life membership, and further provides that:

> Upon the refusal of the Board of Directors to purchase said membership, the holder thereof desiring to transfer the same *must present the name of the transferee in the regular way and for the same action as is prescribed for candidates for Resident or Non-Resident membership.* (Emphasis added.)

 It is clear from a reading of the Certificate that the Chancellor properly found that an assignee or transferee of the certificate becomes a life member upon his election by the Board of Directors of the Club as provided in the bylaws of the Club at the time of said assignment. It is argued by plaintiff that this conclusion by the Chancellor means that the Club would then have the right to vote again upon the right of the existing resident or nonresident member to become a member and that the Club has indicated that it will arbitrarily vote against any transferee of Certificate No. 199. From a reading of the record we do not find that any request has been made by the plaintiff to transfer the Certificate to a named resident or nonresident member or that any request was made to the Club to purchase the same. When a reviewing court has notice of facts which show that only moot questions or mere abstract propositions are raised on appeal, it will dismiss the appeal. LaSalle Nat. Bank v. City of Chicago, 3 Ill 2d 375, 121 NE2d 486. We think this issue is premature. We may not speculate as to what the Club would or would not do in a situation not presented by this record, neither can we consider the rights of a theoretical assignee or transferee who is not before this court. Accordingly, as no actual controversy is presented to this court the plaintiff's appeal is dismissed. Harney v. Cahill, 57 Ill App2d 1, 206 NE2d 500.

6

We next consider the cross-appeal by the defendant that the Chancellor improperly held that the defendant cannot amend its bylaws to increase the amount of the transfer fee, payable as a condition to election to life membership, to an amount more than that which is recited on the instant Certificate. The Chancellor found that the transferee or assignee of the life membership shall pay to the Club the sum of $400 as was stated on the certificate. The defendant argues that while the Chancellor acknowledges the right generally of the defendant to amend its bylaws and lawfully require an assignee of the certificate to comply with the current bylaws concerning election to life membership, he, for no ascribed reason, held that the defendant could not increase the transfer fee. We disagree with this theory.

It is true that the front side of the Certificate recites that Alex Lonquist was a life member of the Club subject to the bylaws of the association. But on the reverse side it recites, in part, that life members shall be exempt from dues, assessments and imposts and a Life Membership Certificate may be transferred upon the payment of Four Hundred Dollars to the Association by the transferee.

The defendant concedes that the relationship between the defendant and its members is a contractual one, but they say the contract is subject to the reserved power in the corporation to amend its bylaws, citing Westlake Hospital Ass'n v. Blix, 13 Ill2d 183, 148 NE 2d 471. In that case the plaintiffs claimed that the articles of incorporation and the bylaws enacted thereunder constituted a contract. The court stated that while they agreed generally with this position it was nevertheless subject to the statutory right of the corporation to amend its bylaws. Westlake is inapplicable on the facts to the instant case where the transfer or assignment of a pre-existing contract, the Life Membership Certificate, is in-

7

volved. The power of the Club to amend its bylaws does not include the power to impair preexisting contracts.

In our opinion the $400 requirement for a transfer of a life membership is fixed by the Certificate and the Chancellor was correct in holding that the defendant cannot increase the transfer fee. In the same portion of the Certificate wherein $400 for a transfer fee is contracted by the Club we note it also states that "a Life Member shall be exempt from dues, assessments and imposts of every kind." When Mr. Tuccy, the Club's Comptroller, was asked whether this latter provision is a true statement as of today, he replied, "Yes, except for the classification of the tax. At the present time, Life Membership holders are subject to the twenty percent Federal Excise Tax, equivalent to that paid by a Resident Member." The Club does not contend that this last aforementioned clause is subject to amendment by the Club through its bylaws, for indeed it cannot be changed, and, by the same token neither can the transfer fee be amended to a sum greater than the $400 contracted for by the Club.

For the reasons stated the decree of the Circuit Court was correct on all questions that are the subject of review on this appeal.

Decree affirmed.

MURPHY, P. J. and ADESKO, J., concur.