CHICAGO BEARS FOOTBALL CLUB, INC., Plaintiff-Appellee, *v.* THE CITY OF EVANSTON, Defendant-Appellant (NORTHWESTERN UNIVERSITY, Defendant)—THE VILLAGE OF WILMETTE, Intervenor-Defendant-Appellant (THE CITY OF EVANSTON, Counter-Plaintiff-Appellant), *v.* CHICAGO BEARS FOOTBALL CLUB, INC., Counter-Defendant-Appellee, (NORTHWESTERN UNIVERSITY, Cross-Defendant.)

(No. 55297;

First District—December 23, 1970.

Jack M. Siegel, Corporate Counsel, of Evanston, and Robert J. Mangler, Corporate Counsel, of Wilmette, for appellants.

Don H. Reuben and Michael W. Coffield, both of Chicago, (Lawrence Gunnels and Kirkland, Ellis, Hodson, Chaffetz & Masters, of counsel,) for appellee.

PER CURIAM:

The Chicago Bears Football Club, Inc., filed a complaint for injunction and other relief against the City of Evanston and Northwestern University. The Village of Wilmette was permitted to intervene as a defendant. Plaintiff prays that the University be required to perform its lease agreement with plaintiff to play a professional football game in Dyche Stadium on September 27, 1970 and that the University be enjoined from failing to perform. The complaint seeks to enjoin the City from enforcing its ordinance or any zoning ordinance applying to Dyche Stadium against plaintiff or the University in a manner to prevent the playing of Chicago Bears Football games at Dyche Stadium and a declaration that the ordinance of the City is unconstitutional on its face and as applied by the City to Northwestern's lease agreement with plaintiff.

The City filed its answer to the complaint and a counterclaim against the Chicago Bears and the University asking for a declaration that the zoning ordinance as applied to Dyche Stadium prohibits the playing of professional football games, declaring that the zoning ordinance is valid and constitutional, and enjoining the Bears and the University from utilizing the stadium for the purpose of conducting a professional football game on September 27, 1970 or at any time thereafter, unless or until the zoning ordinance is amended in the manner provided by law. The Chicago Bears answered the counterclaim. A motion for a temporary injunction was made by the Bears and a separate motion by the City. Following a full hearing the Chancellor on August 12, 1970, entered an order for a temporary injunction in accordance with the prayer of plaintiff's complaint, the effect of which was to permit the Bears to play their scheduled game at Dyche Stadium on September 27, 1970. The order denied the counterclaim of the City for a temporary injunction against the Bears and the University. The City of Evanston and the Village of Wilmette appeal from this interlocutory order.

The points urged by the appellants are that the Bears did not make the necessary showing for a temporary injunction; that the plaintiff has not exhausted its local remedies and therefore is not entitled to access to

the courts; that there is no enforceable agreement between the Bears and Northwestern which gives the Bears standing to file the complaint; that the zoning ordinance of the City of Evanston as applied to Dyche Stadium is valid and enforceable; that the failure to enforce an ordinance against all persons affected by it does not invalidate an ordinance or furnish a ground for an attack upon it; and that the distinction between a commercial use and a university use is a valid one. The plaintiff (Bears) in its brief maintains that the zoning ordinance does not apply to the Bears' use of Dyche Stadium; that Evanston is without statutory power to exclude the Bears from Dyche Stadium; that drawing a distinction in a zoning ordinance on the basis of the purported commercial nature of the user is unconstitutional; that Dyche Stadium could be forced to close down without the Bears and responds to Evanston's other arguments. The appellants' reply brief, filed after the game was played, responds to the Bears' points and urges that the appeal is now moot. The University did not appear in this court or file a brief.

The order granting the temporary injunction was entered for the purpose of allowing the scheduled Bears' game to be played at Dyche Stadium on September 27, 1970. We agree with the position of the appellants that the appeal is now moot. Appellants say that it is important that "the case be reversed with directions to dismiss the complaint so that there can be no argument of *res judicata*." The case is not before us. The case is pending in the Circuit Court. We have an appeal from the order granting a temporary injunction against interference with the playing of the game. We have decided to dismiss the appeal on the ground that it is moot. We do not remand the case to the trial court because the case has been in the trial court since it was filed. None of the findings of the Chancellor in the order granting the temporary injunction could support a plea of *res judicata*. The merits of the issues in the case joined by the pleadings were not determined by the Chancellor, who in fact set the trial of the cause for a later date. The case of *La Salle Nat. Bank v. City of Chicago*, 3 Ill.2d 375, cited by appellants, was an appeal from a final judgment and does not sanction the procedure suggested by appellants in an appeal from an interlocutory order.

Because the appeal from the temporary injunction is now moot, the appeal is dismissed.

Appeal dismissed.