(No. 31201.

CENTRAL STATES IMPORT AND EXPORT CORPORATION, Appellee, *vs.* ILLINOIS LIQUOR CONTROL COMMISSION, Appellant.

*Opinion filed January 18, 1950.*

IVAN A. ELLIOTT, Attorney General, of Springfield, (WILLIAM C. WINES, JAMES C. MURRAY, and RAYMOND S. SARNOW, all of Chicago, of counsel,) for appellant.

JOSEPH I. BULGER, and ODE L. RANKIN, both of Chicago, for appellee.

Mr. JUSTICE FULTON delivered the opinion of the court:

In accordance with the provisions of the Illinois Liquor Control Act, the Central States Import and Export Corporation was cited before the Illinois Liquor Control Commission to show cause why its application for an importing distributor's State license should not be denied for violation of section 2 of the act of July 24, 1947, regulating the sale and distribution of alcoholic beverages. (Ill. Rev. Stat. 1947, chap. 43, par. 206.) After a hearing before the commission, and on February 15, 1949, it was held that the appellee had violated the provisions of the Illinois Liquor Control Act in that appellee had never filed with the commission any fair trade agreement such as is required by the act cited above. It was further ordered that the said corporation immediately cease and desist the sale of alcoholic liquors in the State of Illinois.

On appeal to the circuit court of Cook County, the orders of the commission were reversed, declared null and void and of no effect. This appeal comes from that judgment of the circuit court.

The only question involved in this proceeding was whether or not appellee was entitled to an importing distributor's license for the period commencing July 1, 1948, and expiring June 30, 1949; therefore, as of the present time, that question is no longer in controversy. (Ill. Rev. Stat. 1947, chap. 43, par. 117.) The judgment of the circuit court of Cook County, entered April 5, 1949, was for the appellee, and at the time the notice of appeal was filed by the Illinois Liquor Control Commission, the question was still in controversy. However, because of the lapse of time, success or failure on appeal is of no consequence to either party at this date and the case has become strictly moot.

This court has held that "the existence of an actual controversy is an essential requisite to appellate jurisdiction, and a reviewing court will dismiss an appeal where

facts are disclosed which show that such a controversy does not exist, even though such facts do not appear in the record. When there is no real present question involving actual interests and rights for a reviewing court to consider, the court should not be compelled to review a cause merely for the purpose of determining who ought to pay the cost of the suit or to establish a precedent." *Chaitlen* v. *Kaspar American State Bank,* 372 Ill. 83.

There being involved in this appeal only the question whether or not an importing distributor's license should have been issued to the appellee to expire on June 30, 1949, there is nothing further for this court to consider, and the appeal is hereby dismissed.

*Appeal dismissed.*