State of Connecticut *v.* Harold H. Potter

Review Division of the Superior Court

*Harold H. Potter,* the defendant, pro se.

*Thomas F. Wall,* state's attorney, for the state.

BY THE DIVISION. The defendant was presented before the Superior Court at Litchfield on February 9, 1959, when he pleaded guilty to two informations. One information, No. 3819, contained four counts. The first count charged the defendant with escape from jail while awaiting trial under an information charging an offense punishable by imprisonment in the state prison; another count charged him with theft of a motor vehicle, and two counts charged him with breaking and entering. The other information, No. 3795, charged the defendant with three counts of breaking and entering and one count of theft of goods of a value exceeding $15 but not exceeding $50. He pleaded guilty to each count of the two informations and received the following sentences: Under information No. 3819, escape from jail, not less than four nor more than ten years, and on each of the other three counts, not less than two nor more than three years; under information No. 3795, not less than one nor more than three years on each count. The sentences imposed upon the defendant run concurrently, so that the total effective sentence under both informations is not less than four nor more than ten years. *Arnold* v. *Cummings,* 143 Conn. 559; *Redway* v. *Walker,* 132 Conn. 300, 303; *Abt* v. *Walker,* 126 Conn. 218, 220. The judgment provided that these

sentences were to commence upon the release of the defendant by the authorities in New York state, where he was serving a sentence for burglary.

On March 1, 1957, the defendant was convicted of the crime of burglary in New York state, receiving a sentence of not less than five nor more than ten years in prison. While serving his sentence in New York, he applied for the trial of certain charges pending against him in the state of Connecticut, involving three breaks in the town of Kent. One break occurred on December 4, 1956, when the defendant entered a store, where he took a shotgun, four boxes of shells and a flashlight, all of the value of less than $50; another break occurred in September, 1956, when he entered a garage but nothing was taken, and the third break occurred in September, 1955, when he broke into a drugstore and took a package of cigarettes. When returned to Connecticut, he pleaded guilty to the charges involving the three breaks and the theft. It was while awaiting sentence on those charges that he, together with another inmate, on February 2, 1959, broke out of the Litchfield County jail by sawing the bars from a window in a cell. The following day, the defendant and his companion entered a farmhouse, where they took about $10 and then made off with the farmer's truck. During that day, they also broke into another place in the town of Milford.

When the defendant was presented before the Superior Court on February 9, 1959, where the foregoing sentences were imposed, the court imposed a sentence on the second count of information No. 3795 of not less than one nor more than three years in the state prison, when the maximum sentence provided by statute is six months in jail and a fine of $100. The defendant, however, requested us to review only the sentence imposed upon him for escape from jail. In the light of his request and

of the fact that the sentence imposed on this count will not affect the total sentence which the defendant is required to serve, we take no action with regard to it.

Upon his release by the New York authorities on March 21, 1962, the defendant commenced serving his sentences in Connecticut. Though thirty years of age, the defendant has a lengthy record, commencing in 1949. The crimes with which he was charged are serious ones. He might well have been sentenced to a longer term. Considering all the circumstances, the sentences imposed upon the defendant are fair and just and must stand.

COVELLO, PASTORE and MACDONALD, Js., participated in this decision.