MITCHEL GOLD *et al.*, Plaintiffs and Counterdefendants-Appellants, v. HERBERT S. KAMIN *et al.*, Defendants and Counterplaintiffs-Appellees.

Second District   No. 2—87—0816

Opinion filed May 19, 1988.

Nisen & Elliott, of Chicago (James A. Rooney, of counsel), for appellants.

Bradtke & Zimmermann, of Mount Prospect, and Thomas H. Compere, Corporation Counsel, of Highland Park (Erwin W. Jentsch, of counsel), for appellee Herbert S. Kamin.

JUSTICE NASH delivered the opinion of the court:

Plaintiffs and counterdefendants (objectors) appeal from a judg-

ment of the circuit court of Lake County which, under the Administrative Review Law (Ill. Rev. Stat. 1985, ch. 110, par. 3—101 *et seq.*), affirmed a decision of the Zoning Board of Appeals for the City of Highland Park, Illinois (zoning board), which granted a zoning variance for a parcel of property located at 120 Sycamore Lane in Highland Park. On appeal, the objectors assert that: (1) the appeal is moot; (2) the "counter-complaint" filed by the defendants and counterplaintiffs, Herbert S. Kamin, Harriet M. Kamin, Eugene Hoying, and Elizabeth C. Hoying, was time barred under section 3—103 of the Administrative Review Law (Ill. Rev. Stat. 1985, ch. 110, par. 3—103); (3) the parties who had executed a contract for the purchase of 120 Sycamore Place on the condition of the grant of a zoning variance, Herbert S. and Harriet M. Kamin, lacked standing to apply for the variance; (4) the zoning board lacked the requisite number of votes to amend the original variance upon remand from the circuit court; (5) the zoning board of appeals failed to conduct full and fair hearings on the application for the variance; and (6) the zoning board decision was against the manifest weight of the evidence.

On March 10, 1986, an application for a variance was filed with the zoning board by the owners of the subject property, Eugene J. and Elizabeth C. Hoying, and by Herbert S. and Harriet M. Kamin, who had contracted to purchase it subject to the granting of the variance. The Kamins sought to expand a log house located on the property which had been commissioned to be built in 1893. A hearing on the application was held on April 17, 1986, at which a number of parties testified for and against the proposed variance. The five members of the zoning board present at the hearing unanimously approved the variance, and an order was subsequently entered by the zoning board, effective on June 5, 1986, which allowed a variance to build an expanded house. By the terms of the order the variance was to expire after 18 months if no building permit had been obtained and construction begun by that time.

The objectors sought administrative review of the variance decision in the circuit court, and, thereafter, over their objection, the Kamins and the Hoyings were given leave by the court to file a "counter-complaint" for administrative review. After hearings, the trial court remanded the cause to the zoning board with directions to further consider and make findings relating to the use of the property and the size of the proposed expansion. The zoning board thereafter amended its original order in certain respects not relevant to this opinion. After further hearings, the trial court determined that the decision of the zoning board, as amended, was not against the mani-

fest weight of the evidence, and was entered in accordance with law, and affirmed the decision of the zoning board. The objectors appeal.

We first consider the objectors' motion in this court, which was taken with the case, to reverse and remand with instructions to dismiss this cause as moot, and we find this issue dispositive. They contend that the appeal is moot since the order of the zoning board of appeals which granted the variance, by its terms, expired 18 months after June 5, 1986, if no building permit was issued and construction begun within that period of time. In support of their motion, the objectors attached a letter from the director of the building division of the City of Highland Park addressed to the Kamins and the Hoyings which advised them that the order granting the variation would expire on December 5, 1987, and informed them that unless a building permit was obtained before that time they will have to request another variance. The objectors also support their motion with the affidavit of James A. Rooney, their attorney, who is one of the objectors, which states that he viewed the property at 120 Sycamore Place on December 6, 1987, and no building permit was displayed and no construction had begun.

The zoning board objects to the motion to dismiss the appeal as moot. It does not dispute the fact that no building permit was obtained and no construction was begun by December 5, 1987, but, relying on *Belfer v. Building Commissioner* (1973), 363 Mass. 439, 294 N.E.2d 857, and *Tantimonaco v. Zoning Board of Review* (1967), 102 R.I. 594, 232 A.2d 385, argues that the time limitation of the order granting the variance was tolled by the action for administrative review brought by the objectors.

*Belfer* and *Tantimonaco* do both hold that the pendency of an appeal tolls the expiration date of the variance granted. In *Belfer*, the court noted that the failure to give relief from the time limitations for construction imposed by the terms of the variance could result in frustration of a lawfully awarded variance by the delay inherent in an appeal. In *Tantimonaco*, the court stated that common prudence dictates that the party granted the time-limited variance should not incur obligations, the benefit of which would be cancelled by an adverse decision on appeal. (*Belfer*, 363 Mass. at 444, 294 N.E.2d at 860; *Tantimonaco*, 102 R.I. at 600, 232 A.2d at 388.) Although the rationale behind the holdings of the Supreme Judicial Court of Massachusetts and the Supreme Court of Rhode Island may be compelling under the laws of those States, we find that in Illinois, by virtue of the provisions in the Administrative Review Law and the supreme court rules, which provide for stays on administrative review and pending appeal,

a stay must ordinarily be sought and granted in order to toll the running of a time period in an administrative variance decision.

Section 3—111 of the Administrative Review Law provides that the circuit court has the power "upon notice to the agency and good cause shown, to stay the decision of an administrative agency in whole or in part pending the final disposition of the case." (Ill. Rev. Stat. 1985, ch. 110, par. 3—111.) It would appear that this provision contemplates that some action to stay the administrative decision must be taken or the decision remains in full force and effect. Here, either the parties who were granted the variance, the objectors, or the zoning board could have requested that the time limitation for commencing construction imposed in the administrative order be stayed by the circuit court. Similarly, when the trial court entered its judgment the parties could have requested that it be stayed pursuant to Supreme Court Rule 305(b) (107 Ill. 2d R. 305(b)), and, if that court declined to do so, under Rule 305(b) the parties could have sought a stay in this court. The parties had three opportunities to stay the running of the time limitation imposed by the zoning board's decision but did not do so. We conclude that as it was not stayed, the time limitation imposed by the administrative order expired on December 5, 1987, during the pendency of this litigation, and the appeal is moot. See *Central State Import & Export Corp. v. Illinois Liquor Control Comm'n* (1950), 405 Ill. 58, 59-60, 89 N.E.2d 903; *People ex rel. Cairo Turf Club, Inc. v. Taylor* (1954), 2 Ill. 2d 160, 163-64, 116 N.E.2d 880.

In reaching this conclusion we have considered a recent decision of this court which, on its facts, determined that the trial court correctly tolled the running of a time limitation in a variance pending litigation. (*Homeowners Organized to Protect the Environment, Inc. v. Bohlke* (1988), 167 Ill. App. 3d 714.) In *Homeowners*, the party against whom the time limitation within which construction must commence was running applied to the trial court for a limited stay pending litigation and appeal, which was granted. This court found that the circuit court was authorized to do so and did not abuse its discretion. We think *Homeowners* was correctly decided under its facts, as the tolling, or stay, of the time limit was sought and allowed by the court, while in the present case no effort was made to do so.

Similarly, in *York v. Village of Wilmette* (1986), 148 Ill. App. 3d 108, 116-17, 498 N.E.2d 712, the appellate court relied upon principles of estoppel to affirm the dismissal by the trial court of a count in plaintiff's amended complaint which sought to void a special use permit because construction had not commenced within a six-month time limitation, during which the litigation had commenced. In *York*, the

question whether the time limitation had acted to void the permit was presented to and decided by the trial court during litigation. Although decided upon grounds of estoppel adversely to the objectors to the permitted use, the effect of that judgment was to continue the vitality of the permit through the appeal process. In the present case, similar circumstances do not obtain and estoppel is not suggested.

■ As the administrative decision sought to be reviewed has been rendered moot by the passage of time, the appeal could be dismissed. However, in order to avoid any uncertainty as to the *res judicata* effect of the trial court's judgment (see *Bankers Life & Casualty Co. v. City of Chicago* (1961), 21 Ill. 2d 172, 177, 171 N.E.2d 577; *Kohan v. Rimland School for Autistic Children* (1981), 102 Ill. App. 3d 524, 528, 430 N.E.2d 139), we remand the cause to the circuit court with directions that it vacate the order affirming the administrative decision, and dismiss both the complaint and "counter-complaint" brought pursuant to the Administrative Review Law.

As the appeal is moot, we need not consider the other arguments of the parties.

Accordingly, the cause is remanded with directions.

Remanded with directions.

REINHARD and UNVERZAGT, JJ., concur.