HARRY W. KUHN, INC., Plaintiff-Appellee, v. THE COUNTY OF DU PAGE *et al.*, Defendants-Appellants.

Second District No. 2—89—1038

Opinion filed October 5, 1990.

James E. Ryan, State's Attorney, of Wheaton (Barbara A. Preiner, George J. Sotos, and Carole R. Doris, Assistant State's Attorneys, of counsel), for appellants.

Aldo E. Botti and Howard R. Wertz, both of Botti, Marinaccio, DeSalvo & Tameling, Ltd., of Oak Brook, for appellee.

JUSTICE DUNN delivered the opinion of the court:

Defendants, the County of Du Page, Jack T. Knuepfer, Kenneth Lahner and Steve Burger, appeal from an order entered September 7, 1989, in which plaintiff, Harry W. Kuhn, Inc., was granted a writ of *mandamus* requiring defendants to issue a permit to plaintiff for the use of a temporary cement batching plant at 28 W. 651 North Avenue in West Chicago for the duration of plaintiff's construction contract at North Avenue and Prince Crossing Road in unincorporated Du Page County. The term "County" shall be used to refer to all defendants. The County raises two issues on appeal: (1) whether plaintiff was collaterally estopped from seeking a temporary use permit, where a claimed exemption under State and County zoning provisions had been purportedly litigated in a prior cause of action between the parties and had been adjudicated in a manner adverse to plaintiff for purposes of claiming an additional use exemption; and (2) whether it was error for the trial court to grant the writ of *mandamus* for a temporary use because plaintiff had used the land in question for a similar purpose on a prior occasion.

In addition to refuting the County's arguments, plaintiff argues that we should dismiss this appeal for want of jurisdiction as to defendants Knuepfer, Lahner, and Burger because they were not named specifically in the body of the notice of appeal and that, in any case, we should dismiss this appeal as moot. We find that we have jurisdiction over all the parties, but we dismiss the appeal on the ground of mootness, and we remand the cause to the circuit court with directions to vacate the order of September 7, 1989, granting *mandamus* relief and to dismiss plaintiff's three-count complaint.

On July 11, 1989, plaintiff applied to the County for an exemption from the County's zoning regulations for plaintiff's proposed temporary use of property located in an I-1 zoning district so that plaintiff could operate a ready-mix cement batching plant for a base concrete and signalization construction project pursuant to a contract awarded to plaintiff by the Department of Transportation. The property which plaintiff proposed to use for the cement batching is located at 28 W. 651 North Avenue, West Chicago, in Du Page County, Illinois. The property is located less than one-half mile from the site of the construction project at the intersections of North Avenue and Prince Crossing Road in West Chicago. The Du Page County building department notified plaintiff by letter dated August 14, 1989, that it would

not issue a temporary permit to plaintiff for the operation of a concrete batching plant at the North Avenue property because the proposed use was not exempted even on a temporary basis.

On August 25, 1989, plaintiff filed a three-count complaint against the County and the above-named officers and served defendants with a *mandamus* summons. The complaint alleged, *inter alia*, that the County had a duty to issue a permit for the temporary use because plaintiff's use was exempt pursuant to State statute (Ill. Rev. Stat. 1987, ch. 34, par. 3151) and pursuant to section 37—6.5 of the Du Page County Zoning Ordinance having similar language (Du Page County, Ill., Zoning Ordinance §37—6.5 (19____)). Count I of plaintiff's complaint sought *mandamus* relief while counts II and III sought a declaratory judgment and injunctive relief. The latter two counts were ultimately withdrawn by plaintiff and are not at issue here.

The County filed motions to dismiss plaintiff's complaint for *mandamus* pursuant to sections 2—619(a)(9) and 2—619(a)(4) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, pars. 2—619(a)(9), (a)(4)). The section 2—619(a)(9) motion alleged that plaintiff was barred by affirmative matter from claiming it was entitled to a statutory exemption from the County's zoning regulations for a temporary contractor's facility because the subject site had already been utilized for temporary cement batching for another road project at Highland Avenue and Butterfield Road, thus negating the "temporary" requirement of the statutory provision (the zoning statute) (Ill. Rev. Stat. 1987, ch. 34, par. 3151); the County maintained that this prior use had been clearly established in prior litigation between the same parties (*Kuhn I*) in the circuit court of Du Page County. The County further argued that this statutory zoning exemption was interpreted in *County of Will v. Arcole Midwest Corp.* (1977), 45 Ill. App. 3d 656, so as not to include a series of successive maintenance or construction contracts.

The County's section 2—619(a)(4) motion to dismiss alleged that plaintiff was collaterally estopped from claiming an exemption for the use of a temporary concrete batching plant because there was a prior judgment on an identical claim between the same parties. The County attached as exhibits to its motion certified copies of the court's orders in the previously consolidated cases wherein the circuit court determined plaintiff's right to the temporary use of the contractor's facility at the North Avenue site and ordered plaintiff to cease operations at that site upon completion of the construction contract involving Highland Avenue and Butterfield Road.

On September 7, 1989, there was a hearing on the County's mo-

tions and on plaintiff's petition for *mandamus*. The County argued that its section 2—619(a)(4) motion pleaded, in effect, the doctrine of collateral estoppel because in prior litigation the issues here had been adjudicated between these same parties. In support of this position, counsel for the County tendered an affidavit supported by documents including the pertinent pleadings, hearing transcripts and orders entered in the prior adjudication between plaintiff and the County. The County presented documents which allegedly showed that, in the consolidated cases designated here as *Kuhn I*, the subject property, the parties, the use at issue and the relevant County zoning regulations were the same. The County further argued that, in *Kuhn I*, the trial court determined plaintiff's entitlement to an exemption from County zoning regulations for the use of a temporary contractor's facility on the subject property.

*Kuhn I* arose out of a dispute between the County and plaintiff over plaintiff's request, in May 1987, for a permit to erect and operate a portable concrete batching plant on the North Avenue property for a road project at Highland Avenue and Butterfield Road in Du Page County. The County building department had initially issued a temporary building permit for the cement batching plant, but plaintiff had commenced operations of the facility without a use and occupancy permit. The County attempted to revoke the permit as improvidently granted. In its complaint, the County sought to revoke or terminate the prior permit on various grounds and to enjoin the plant's operation.

Plaintiff raised an affirmative defense, alleging a theory of equitable estoppel because, in June 1987, in reliance on the County's issuance of the permit, plaintiff had erected, at significant cost, a portable concrete batching plant on the site in order to complete its work at the Highland-Butterfield site. Plaintiff also claimed that the temporary use of the site was exempt under the section 1 statutory zoning exemption (Ill. Rev. Stat. 1987, ch. 34, par. 3151) and similar County zoning provisions. Section 1 states in pertinent part:

> "[T]he board of supervisors or board of county commissioners *** of each county, shall have the power to regulate and restrict the location and use of buildings, structures and land for trade, industry, residence and other uses which may be specified by such board ***.
>
> The powers by this Act given shall not be exercised so as to *** prohibit the temporary use of land for the installation, maintenance and operation of facilities used by contractors in the ordinary course of construction activities, except that such

facilities may be required to be located not less than 1,000 feet from any building used for residential purposes, and except that the period of such temporary use shall not exceed the duration of the construction contract." Ill. Rev. Stat. 1987, ch. 34, par. 3151.

On the morning of April 20, 1988, the court in *Kuhn I* heard the arguments of counsel on the issue whether plaintiff was entitled to statutory exemptions which would preclude the County from enforcing its zoning ordinance. The County argued that the exemption, in derogation of the County's police power to zone, should be narrowly construed and that the exemption was specific in its reference to *a* construction contract. If exempt status attached to plaintiff's construction activities, it attached to one of several other stipulated contracts in existence on June 27, 1987, and, in fact, completed prior to the Highland-Butterfield contract. In construing the holding of *County of Will v. Arcole Midwest Corp.* (1977), 45 Ill. App. 3d 656, it was the County's position that, for purposes of the section 1 exemption from zoning regulations for contractors' facilities, "there is only one contract per customer." In other words, a temporary use included only the duration of one contract. This limitation was, the County argued, to protect the citizens of an unincorporated area of the County from the impact of a contractor's facility.

Plaintiff argued that the legislature had expressed an intent to promote efficiency in the construction trade for the duration of a construction project by its enactment of section 1 and that plaintiff had relied on the permit issued by the County for the North Avenue plant when plaintiff bid for the Highland-Butterfield project. The trial court found that plaintiff's use of the subject property in *Kuhn I* was not authorized by the Du Page County zoning ordinance nor was such use exempted pursuant to section 1 of the zoning statute and section 37—6.5 of the County's zoning ordinance.

In the afternoon of April 20, 1988, the trial court heard testimony and the arguments of counsel on the matter of plaintiff's motion to dissolve the preliminary injunction prohibiting the cement batching on the subject property and the County's motion seeking continuation of an injunction against such use. After hearing the testimony of two County employees regarding the circumstances surrounding the issuance of the temporary permit to plaintiff for the North Avenue cement plant and testimony by witnesses for plaintiff regarding the extent of its reliance on the permit for the Highland-Butterfield contract, the trial court ruled that the injunction issued previously enjoining plaintiff's North Avenue operation should remain in full force

and effect except for the concrete needed for the work at the High-land-Butterfield project. The subsequent order dated May 6, 1988, permanently enjoined plaintiff from operating the portable concrete batching plant at the North Avenue location except to the extent needed and required to fulfill the contractor's obligations for work on the Highland-Butterfield project; the contractor was not to utilize the concrete from this plant for any other jobs whatsoever, and, on completion of the allowed work, the plant was to cease operations. No appeal was taken from this order.

It has been the County's position in the case now before us (*Kuhn II*) that the orders in *Kuhn I* clearly determined that plaintiff is not now entitled to an exempt status for zoning purposes.

Alternatively, the County has argued below in *Kuhn II* that there was affirmative matter which defeated plaintiff's claim to a temporary use of the contractor's facilities on the subject property. The County contended that the record in the prior adjudication (*Kuhn I*) established that the North Avenue property had been used previously as a temporary contractor's facility to service the Highland-Butterfield contract and other construction contracts now completed. Thus, the County concluded the "temporary" requirement of the claimed statutory exemption from zoning regulation is now negated. The County's view was that the temporary exemption was "used up" so to speak. The County argued that "recurring temporariness" was not intended by the "temporary use" language of section 1.

It was plaintiff's position that collateral estoppel did not apply to the order of April 8, 1988, in that the issues in *Kuhn I* were not identical to the issues here. In *Kuhn I*, the cement plant's operation exceeded the duration of one construction contract, and, in fact, several contracts were serviced, and Kuhn had sold concrete to other contractors. In *Kuhn II*, plaintiff was proposing to use the site for a specific contract, and this project was very close to that site; plaintiff also pointed out that there was no assertion before the trial court that the plaintiff would continue the operation of the cement plant once this project at Prince Crossing Road was completed. Plaintiff also disputed the County's interpretation of section 1 of the zoning statute as allowing only a one-time exemption because such an interpretation was contrary to the statutory purposes of promoting convenience and efficiency.

The court denied the County's motion to dismiss, indicating that its prior decision in *Kuhn I* had not been predicated upon section 1 but was on the ground of equitable estoppel. The trial court found that, in the present case, plaintiff's proposed use of the subject prop-

erty for a concrete mixing plant for a job on its doorstep was exempt from County zoning regulations based on the present factual circumstances and the interest of the public. The trial court considered its decision to be consistent with the provisions of section 1 and the decision in *Arcole* (45 Ill. App. 3d 656). The court then granted plaintiff's request for a writ of *mandamus*.

We first address plaintiff's contention that this court does not have jurisdiction over all the defendants because of the failure of the notice of appeal to list the names of all the defendants in the body of the notice of appeal. The caption of the notice of appeal lists all of the defendants, and the body of the notice states that the appeal is being taken by the "Defendants-Appellants, COUNTY OF DU PAGE, *et al.*" Plaintiff relies on cases construing the Federal rules of appellate procedure regarding the naming of appellants in the notice of appeal. We find the cases cited by plaintiff inapplicable.

■ Supreme Court Rule 303(c) specifies that the notice shall contain the signature and address of each appellant *or his attorney*. (107 Ill. 2d R. 303(c).) The notice of appeal was signed by an assistant State's Attorney on behalf of the "Defendants-Appellants." Other than the County itself, the other named defendants in the caption of the notice of appeal are officials or agents of the County through whom the County acts and who have been the same named defendants throughout the proceedings of the case now presently before us. There are no unknown defendants. The order appealed from binds all of the defendants without distinction, and the caption of the order names the "County of Du Page, *et al.*" There is no question raised in the record that the State's Attorney has represented all of the defendants throughout the proceedings.

■ A notice of appeal is to be construed liberally; where an existing deficiency is one of form rather than substance, appellate jurisdiction will still be conferred if the notice fairly and accurately advises the successful party of the nature of the appeal. (*In re Marriage of Betts* (1987), 159 Ill. App. 3d 327, 330.) Where the appellee is not prejudiced thereby, the absence of strict compliance with form will not be fatal, and the appellate court will not be deprived of jurisdiction. *Burtell v. First Charter Service Corp.* (1979), 76 Ill. 2d 427, 434.

■ The record leaves little doubt of who the parties are, both here and below, and who is bound by the order appealed from. We recognize that the imprecise designation "*et al.*" should not be used without qualification as a method of enumerating appellants in the statutory notice of appeal (*In re Estate of Bonjean* (1980), 90 Ill. App. 3d 582, 587) and, in a particular case, such a procedure could render a

notice fatally defective. However, in the particular circumstances here, we find the notice sufficient to confer appellate jurisdiction. We fail to see how plaintiff has been prejudiced, and we find that we have jurisdiction over all of the parties.

■ Plaintiff next argues that this appeal should be dismissed because, since the filing of the notice of appeal, events have occurred which preclude this court from granting effective relief to either party inasmuch as plaintiff has completed the concrete related work on the Prince Crossing Road project. Thus, according to plaintiff, any decision rendered by this court would constitute an impermissible advisory opinion. (See *George W. Kennedy Construction Co. v. City of Chicago* (1986), 112 Ill. 2d 70, 76.) We agree. A case is moot when it no longer involves an actual controversy (*La Salle National Bank v. City of Chicago* (1954), 3 Ill. 2d 375, 378), and an appellate court will not review a case merely to resolve moot or academic questions, to establish precedent, or to render a judgment merely to guide potential future litigation (*In re Johnson* (1977), 53 Ill. App. 3d 921, 924).

Plaintiff has appended to its brief a copy of a letter dated January 22, 1990, from the chairman of the county development committee of the Du Page County Board and the affidavit of plaintiff indicating that the construction at Prince Crossing Road at North Avenue is completed. We take judicial notice of this extrinsic evidence that the project is completed, and we conclude that this appeal is moot. See *May Department Stores Co. v. Teamsters Union Local No. 743* (1976), 64 Ill. 2d 153, 159; *Gold v. Kamin* (1988), 170 Ill. App. 3d 312, 315; *Kohan v. Rimland School for Autistic Children* (1981), 102 Ill. App. 3d 524, 527.

■ ■ Defendant argues that we should review this appeal as an exception to the mootness doctrine because the question presented is of great or substantial public interest and because the challenged action involves an event of short duration, is capable of repetition, and yet evades review. (See *In re A Minor* (1989), 127 Ill. 2d 247, 257-58.) However, the public-interest exception to the mootness doctrine is applied very narrowly and must be very clear to prevent dismissal of an appeal. (*In re Johnson*, 53 Ill. App. 3d at 924.) In order to review a case under the public-interest exception, a court must consider the public nature of the question, the need for an authoritative determination for future guidance of public officers, and the likelihood of future recurrence of the question; a clear showing of all three factors is needed to bring the case within the exception. *Kohan*, 102 Ill. App. 3d at 527.

First, the issue is not of such great public importance that it urgently requires review by this court; it involves merely the question whether, in issuing construction permits, public officials should allow temporary uses of land for construction purposes, such use being dependent on the particular facts of each case. Any determination that we would make in the present case would not necessarily be of great import to future cases which will depend on their particular facts. (See *Johnson v. Board of Education* (1967), 79 Ill. App. 2d 22, 25.) We also note that the statutory provision in question is clearly worded and was adequately construed some time ago in 1977 in *County of Will v. Arcole Midwest Corp.*, 45 Ill. App. 3d 656. We do not find this type of case to be of such urgent and compelling interest to require a new and authoritative determination. (See *People ex rel. Cairo Turf Club, Inc. v. Taylor* (1954), 2 Ill. 2d 160 (construction of liquor control statute moot where the licensing period had expired); see also, *e.g., George W. Kennedy Construction Co.*, 112 Ill. 2d 70 (appeal by frustrated bidder on public construction project properly dismissed as moot because project was completed and equitable relief could no longer be given); *Bankers Life & Casualty Co. v. City of Chicago* (1961), 21 Ill. 2d 172 (validity of issuance of building permit in relation to prior court order and city zoning ordinance moot where building was completed; justiciable controversy no longer existed); *La Salle National Bank*, 3 Ill. 2d 375 (validity of ordinance requirements for the issuance of license for nursing home in *mandamus* action moot issue where license had been issued).) Second, by virtue of the decision in *Arcole*, which in our estimation provides sufficient guidance to future litigants, we also find that this is not the type of case involving events of short duration such that this issue has evaded review. We do not believe that there is a reasonable expectation that the same complaining party will be subject to the same or repetitive actions in view of the limited remedy granted by the circuit court.

■ Finally, in order to avoid any uncertainty regarding the possible *res judicata* effect of the trial court's final order (see *Gold v. Kamin*, 170 Ill. App. 3d at 316; *U-Haul Co. of Chicago Metroplex v. Town of Cicero* (1980), 87 Ill. App. 3d 915, 919-20), we dismiss the appeal and remand the cause to the circuit court with directions to vacate the order of September 7, 1989, granting *mandamus* and to dismiss plaintiff's three-count complaint in the present cause. Unless the circuit court has further reconsidered and modified its prior orders of May 6, 1988 (*nunc pro tunc* April 20, 1988), our determination leaves standing those orders barring Harry W. Kuhn, Inc., its agents and

employees and other parties specified therein from any further use of the subject property for a concrete batching plant or for any other uses stated in those orders.

As the appeal is moot, we need not consider the other arguments of the parties.

Appeal dismissed; remanded with directions.

GEIGER and REINHARD, JJ., concur.