[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative appeal taken under the provisions of General Statutes 8-8 by the owner of real property in the town of Marlborough from the action of the zoning board of appeals of that town in declaring void a permit issued by the building inspector.
The controversy between the parties has been the subject of much controversy but the underlying facts are not greatly in dispute and may be summarized as follows:
On November 26, 1985 plaintiff applied to the Marlborough Zoning concussion for a zone change, a special permit and a site plan to allow construction of sixty-four condominium units. On June 5, 1986 the applications were approved and appeals were commenced to the Superior Court on July 1, 1986. The appeal was dismissed on August 26, 1986. The dismissal was appealed but on January 5, 1987 the appellate court affirmed the dismissal.
In addition to the above litigation, on June 4, 1987 an action seeking to enjoin the zoning authority from issuing a building permit to plaintiff was instituted. The injunction was denied on July 22, 1987. Other unsuccessful actions were instituted in an attempt to prevent plaintiff from proceeding under the special permit.
The special permit approved on June 5, 1986 was issued to plaintiff on September 2, 1986. CT Page 4685
Article Seven (A)(7) of the Marlborough Zoning Regulations, which applies here, provides as follows:
7. Special Permit Becomes Void:
 Construction or operation shall commence, and a building permit issued where required, within nine (9) months from date of issuance of the Special Permit or the Special Permit becomes void. A notice shall be recorded on the land record that the Special Permit is void.
The nine month period provided under the above section expired on June 2, 1987. On June 1, 1987, one day before the expiration of the time limit, plaintiff applied for a building permit.
On June 11, 1987 the Planning Coordinator having reviewed plaintiff's plans for the condominium informed the Building Inspector, in writing that he had approved the plans.
The building permit, No. 6278, was issued on June 29, 1987 for building No. 1.
Article Seven (A)(7) above quoted is the source of the problem here since, although plaintiff applied for a building permit one day before expiration of the nine month period provided under the regulation, the building permit was not issued until after the nine month period had expired. If the plain language of Article Seven (A)(7) were followed, it would result in the special permit becoming void at the expiration of nine months.
On, or about, November 19, 1987 a question was raised before the Planning and Zoning Commission as to whether or not the special permit was still valid because of non-compliance with the nine month requirement of Article Seven (A)(7).
In an attempt to resolve the question, an action seeking a declaratory judgment was instituted in the superior court. The matter was reserved to the appellate court which by decision released June 6, 1989 declined to grant the relief sought. ASL Associates v. Zoning Commission, 18 Conn. app. 542 (1989).
On June 22, 1989 plaintiff amended the original permit to a foundation only permit.
On July 24, 1989 plaintiff submitted an application for a full permit for Building No. 1. This permit was issued by the zoning officer on August 28, 1989 and construction of the CT Page 4686 building was started and completed.
Defendant Proch, an adjoining property owner, on September 13, 1989 appealed to the defendant Zoning Board of Appeals the action of the zoning officer in granting the full permit of August 28, 1989. Defendant Zoning Board of Appeals has authority to consider such appeals under the provisions of General Statutes 8-6 and Article Thirteen A2 of the Marlborough Zoning Regulations. After a public hearing, on October 25, 1989, defendant board issued its decision that the special permit was void because of "Section 7A7" therefore "no zoning permit could be issued."
The present action is an appeal from that decision.
The publication of all statutory notices appears to have been made in accordance with the law and the public hearing was held in accordance with General Statutes 8-7.
Plaintiff has instituted this action under the provisions of General Statutes 8-8 which limits such appeals to parties aggrieved by the decision appealed from. The evidence indicates that plaintiff is the owner of the property covered by the permit and that this permit, which the decision appealed from has rendered void, was issued to it. It must be concluded then that if the decision of the defendant board stands, plaintiff will be unable to develop its land as proposed and the status of the building on the premises will be jeopardized. From such facts, it must be found that plaintiff is aggrieved and has standing to prosecute this appeal under 8-8. Tazza v. Planning and Zoning Commission, 164 Conn. 187, 190 (1972)
In appeals such as this, the local board's conclusions must be upheld if they are reasonably supported by the record. Burnham v. Planning Zoning Commission, 189 Conn. 261, 265
(1983). It is a fundamental proposition that decisions of zoning authorities are to be overruled only when it is found that they have not acted fairly, with proper motives, and upon valid reasons. When it appears that an honest judgment has been reasonably and fairly exercised after a full hearing, courts should be cautious about disturbing the decision of the local authority. The burden of overthrowing the decision of the board rests squarely on plaintiff. Goldreyer v. Board of Zoning Appeals, 144 Conn. 641, 646 (1957).
 I
The first claim raised by plaintiff is that defendant Proch had no right to appeal the action of the zoning officer to the Zoning Board of Appeals since such appeal was not taken within CT Page 4687 the time allowed by law.
Except in those cases where the local regulations provide otherwise, General Statutes 8-7 requires that appeals to zoning boards of appeals, such as that taken by defendant Proch must be taken within thirty days. Since Marlborough had not adopted its own time limit for such appeals, the statutory thirty days would apply. Compliance with the statutory time was mandatory since a statutory right of appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. Fidelity Trust Co. v. Lamb, 164 Conn. 126, 132 (1972).
Plaintiff does not claim that defendant Proch brought his appeal more than thirty days after the permit on August 28, 1989. It is plaintiff's claim, however, that the real issue which Proch was raising was the validity of the special permit based upon the zoning enforcement officer's interpretation of Article Seven (A)(7). Plaintiff contends that on or about June 11, 1987 the zoning enforcement officer decided that the special permit was still valid and that this resulted in the permit of June 29, 1987. This action was not appealed to the Zoning Board of Appeals and more than thirty days elapsed between such action and the appeal to the board on September 13, 1989. It does not appear, however, that the validity of the special permit was considered in connection with the permit of June 29, 1987. The validity of the special permit was not questioned until November 1987.
Plaintiff claims that the internal letter of June 11, 1987 constitutes a decision that the special permit was valid. This letter, which was more of an opinion to the Building Inspector than an appealable action, stated as follows:
 Please view this letter as an acknowledgement that I have reviewed the application and plans submitted for phase I, Building 1 of the Sachem Village Condominium. Project, Hodge Road. The plans and detail submitted indicate no apparent conflict with the plans approved in the Special Permit Application by the Marlborough Zoning Commission on June 5, 1986. I hereby approve the above referenced plans.
This letter cannot be construed as a finding that the special permit was still valid. The letter simply states that the plans submitted conform to the special permit. Although in issuing the building permit of June 29, 1987 the zoning officer must have assumed that the underlying special permit was then still valid, the question of its validity was not raised.
Plaintiff also argues that allowing Proch to contest the CT Page 4688 validity of the special permit in connection with the permit for Building No. 1 was unreasonable and not contemplated by the law since it could mean that in substantial developments, where construction in stages would be reasonable, each time a new permit was applied for an opponent could force relitigation of the underlying special permit as successive building permits were sought. It is doubtful, however if successful relitigation of the same issue, as feared by plaintiff, would be possible or allowable under the law.
The procedure which plaintiff argues against is not unreasonable and is in accordance with General Statutes 8-3 (f) which requires that before a building permit may be issued the appropriate zoning officer must certify in writing that the proposed building is in conformity with the regulations. If the special permit upon which the building permit is based is void, then the zoning officer cannot properly certify that any proposed building would be in conformity with the regulations. If a building permit is issued under such circumstances, an aggrieved person has a right to appeal such action to the zoning board of appeals under the provisions of General Statutes 8-6
within the time limited by 8-7.
Here it must be found that Proch's appeal to defendant board was taken within the time allowed by law.
 II
The second claim advanced by plaintiff is that the decision of defendant board was illegal since pending litigation tolled running of the nine month requirement of Article Seven (A) 7.
Plaintiff recites the dilemma facing a developer when its special permit is challenged in court. Assuming that financing could be arranged, if it went ahead with the project, obtained building permits and completed construction and the special permits were ruled invalid, it could face revocation of the permits which could mean abandoning the project with great loss. Graham Corp. v. Board of Zoning Appeals, 140 Conn. 1, 4 (1953). Proceeding with construction while litigation contesting the right to construct was pending could be considered reckless conduct on the part of plaintiff. McGavin v. Zoning Board of Appeals, 26 Conn. Sup. 251, 255 (1965).
In the situation which plaintiff found itself, there was no explicit automatic relief from the provisions of Article Seven (A)(7) either under the statutes or the local regulations. Plaintiff argues that to follow the literal wording of Article Seven (A)(7) would work a great injustice. Since such a result could not have been intended by the law, the zoning regulations CT Page 4689 should be interpreted so as to provide an automatic stay of the nine month provision of Article Seven (A)(7) while litigation was pending.
No Connecticut case, directly in point, has been cited by either party. Plaintiff has cited a number of cases from other jurisdictions in support of its position that the running of the nine month requirement was tolled by the litigation contesting the validity of the special permit. Plaintiff relies on cases from other jurisdictions primarily, Tantimonoco v. Zoning Board of Review, 232 A.2d 385, 388 (R.I. 1967); Wentworth Hotel, Inc. v. Town of New Castle, 287 A.2d 615, 619 (N.H. 1972); Gala Homes, Inc. v. Board of Adjustment, 405 S.W.2d 165, 166 (Tex. 1966); and Belfer v. Building Commissioner, 294 N.E.2d 857 (Mass. 1973).
Of these cases, neither Wentworth (which involved a time restriction contained in a condition attached to the decision under appeal) nor Gala (which involved an amendment to the regulation enacted after the decision of the local board) are in point. The Tantimonoco case and Belfer appear to be based upon a "common sense" approach. This approach requires interpolation of the law rather than interpretation.
Gold v. Kamin, 524 N.E.2d 625 (Ill. 1988), cited by defendants is a more appropriate guide to the law of this state. In Gold the court reviewed both Tantimonoco and Belfer and found that while the decisions reached therein might have been appropriate in Rhode Island and Massachusetts, they would not be in Illinois since a mechanism for staying the running of the time period existed by statute. Such a procedure exists in this state also.
General Statutes 8-8 (b) specifically provides that an appeal shall not stay "proceedings upon the decision appealed from, but the court to which such appeal is returnable may, on application, on notice to the board and on cause shown, grant a restraining order."
The intent of the legislature, clearly expressed in8-8 (b), is that an appeal would not stay plaintiff's right to proceed in the exercise of the rights conferred on it by the granting of the special permit. Such rights, which include the right to proceed with construction, were subject to the zoning regulations including the nine month time limit imposed by Article Seven (A)(7).
Even though plaintiff could have proceeded with construction, as pointed out, it would have been imprudent for it to do so with litigation pending. Under such circumstances, CT Page 4690 plaintiff could have proceeded under 8-8 (b) for an order protecting itself from the nine month limit of Article Seven(A)(7). If this procedure had been followed, the rights of the parties could have been reasonably considered and if good cause were shown an order tolling its nine month period could have been issued.
Considering all of the above, it must be concluded that under the law of this state pending litigation did not automatically toll the running of the nine month limitation imposed by Article Seven (A)(7) of the regulations.
 III.
Plaintiff also argues that defendant board erred by misinterpreting the meaning of Article Seven (A)(7) and failing to recognize that it had satisfied the requirements of that Article.
It is undisputed that plaintiff applied for a building permit on June 1, 1987 two days before the end of the nine month period imposed by the article. The permit was not issued until June 29, 1987. Plaintiff claims that in applying for the permit within the nine month period it had complied with the article since in applying, it did everything that it could do to comply with the zoning regulations. It is argued that the municipal delay in processing the application should not be allowed to cause a forfeiture of the special permit.
Article Seven (A)(7) provides in effect that construction should commence and a building permit issued within nine months from the date of the special permit or the special permit becomes void. To conclude that the regulations intended "issuance" to mean the same as "application" would require a procrustian interpretation of the article which would be improper. Words used in zoning regulations are interpreted in accord with their natural and usual meaning and should not be extended by implication to include more than is within their expressed term. Schwartz v. Planning and Zoning Commission,208 Conn. 146, 153 (1988).
The time taken by the zoning authority before issuing the building permit was not excessive. That officer had a duty to verify that construction authorized by the permit requested would be in accordance with the zoning regulations and the special permit. This could not be done at once. For example, it was not until June 11, 1987 that the Building Inspector received the letter of approval from the Planning Coordinator. The time taken was also within the thirty days provided by General Statutes 29-263. CT Page 4691
Another problem, not specifically mentioned by the parties must be noted. Building Permit No. 6278 was issued on June 29, 1987. Some site work appears to have been done under that permit. No real construction was undertaken until the "full" building permit of July 24, 1989 was issued. Article Twelve D. of the zoning regulations entitled "Expiration of Building Permit" provides that "[i]f work described on any Building Permit has not been substantially completed within two (2) years from the date of issuance thereof, said permit shall expire . . . "
Although the permit was amended on June 22, 1989, if this permit was valid in 1987 it may well be that it expired in 1989 by virtue of Article Twelve D.
Upon review, it cannot be found that defendant board improperly interpreted the regulations as claimed.
 IV.
Plaintiff claims also that the doctrine of res judicata precludes defendant Proch from raising any claim about the validity of the special permit as well as the building permit and prevented defendant board from considering the same.
The basis of this claim is the equitable action instituted by Proch in June 1987 in which he sought an injunction against the town to prevent the issuance of the building permit applied for on June 1, 1987. Although judicial notice was not taken on the file in that case (No. 332417 Colburn et al v. Marlborough, et al) the Memorandum of Decision in the case (Wagner, J.), dated July 22, 1987, was appended to defendants' brief.
A review of the Memorandum of Decision indicates that the issues actually raised in the case were environmental. The zoning regulations and questions involving the validity of the special permit granted to plaintiff were matters not before the court in the injunction action. Plaintiff, however, relies on the law as enunciated in Connecticut Water Co. v. Beausoleil,204 Conn. 38 (1987) and argues that the issues of this appeal could have been raised in the injunction action.
In the Connecticut Water Co. case at page 43, the court stated that "res judicata provides that a former judgment serves as an absolute bar to a subsequent action involving any claims relating to such cause of action which were actually made or which might have been made."
The question as to is whether the zoning issue could properly have been raised in the injunction action is a matter CT Page 4692 which the court must consider. There is another issue which must be considered to determine if res judicata applies.
In the equitable action Mr. Proch and other adjoining land owners, most of whom are not parties to this case, sought an injunction to restrain the town of Marlborough from issuing building permits to plaintiff. For the doctrine of res judicata to apply, the party claimed to be barred by it should have been a party to the first action in the same capacity that as in the second. Lechner v. Hulmberg, 165 Conn. 152, 256 (1973).
In the former case, the town of Marlborough was a defendant. There is nothing to indicate that the town was before the court in its zoning capacity. Certainly the zoning board of appeals was not involved since that board had no interest or jurisdiction in the matter until the appeal was brought and was filed on September 13, 1989.
Also in the former case the town was defending the validity of the building permit against environmental claims, assuming that it had authority to do so, it is unrealistic to further assume that the town would plead that the underlying special permit was void. This issue did not come into being until the zoning board of appeals acted.
Although the town could not raise the validity of the special permit in the former case, could Proch, as a plaintiff contesting the issuance of building permits, have expanded the case by raising the zoning issue. This question must be answered in the negative. The correct procedure, as followed here, was to submit the issue to the local board of appeals and then to the court under General Statutes 8-8. Country Lands, Inc. v. Swinnerton, 141 Conn. 27 (1963).
It must be concluded then that the parties to this action are not the same or in the same capacity as in the former action and it cannot be found that the zoning issue could have been raised in the equitable action.
It is also claimed that defendant board had no authority to declare either the special permit or the building permit void because plaintiff has vested rights in the permits based upon substantial expenditures made in reliance on them. In this claim, plaintiff relies to a large extent on the trial court's decision in Parker-Quaker Corporation v. Young, 23 Conn. Sup. 401
(1962).
Assuming that the equitable issue is properly before the court in this statutory appeal, the general rule on the issue was stated in Fitzgerald v. Merard Holding Co., Inc., 110 Conn. 130, CT Page 4693 141 (1929).
 The rule is well established that the possession of a permit to build, commencement of work (especially when the building is not substantially in course of construction) or the fact that contracts entered into with third persons may be affected, does not constitute a vested right the invasion or deprivation of which by an enactment of general application, and in a valid exercise of the police power, invalidates the latter on constitutional grounds.
See also Graham Corporation v. Board of Appeals, 140 Conn. 1,4-5 (1953).
This case differs from Parker-Quaker Corporation in that the special permit becomes invalid by operation of law under the regulations not because of any change of position by a zoning officer. Plaintiff's failure to act in accordance with the regulations, created the problem.
 VI.
Plaintiff claims that failure of the zoning authority to file a notice in the Land Record as required by Article Seven (A)(7) after the nine month period validated the special permit. No legal authority is cited for this proposition and does not appear to be sound.
From all of the above, it cannot be found that defendant board or any of its officers abused its discretion or acted upon invalid reasons in taking the action which is the subject of this appeal.
Plaintiff has moved for an order restraining the running of the five year site plan time period as set forth in General Statutes 8-3 (i) until final action by this court or any other appellate level court.
For cause shown in the record, this motion is granted pursuant to General Statutes 8-8 (b).
Accordingly, judgment is rendered in favor of defendants affirming the decision of defendant board appealed from. Plaintiff's motion for restraining order is granted.
PURTILL, J.