224 P.3d 769 (2010)
Jeff KELLY, in his individual capacity, and David Dorsey and Nancy Dorsey, a marital community, Respondents,
v.
COUNTY OF CHELAN, a municipal corporation acting through its hearing examiner; and Robert Culp, P.E.; Munson Engineers, Inc.; and Anton Roeckl, d/b/a/ WICO, Petitioners.
No. 81855-0.
Supreme Court of Washington, En Banc.
January 7, 2010.
*770 Chancey C. Crowell, Wenatchee, WA, for Petitioners.
Brian Edward Lawler, Socius Law Group, PLLC, Seattle, WA, for Respondents.
Kristopher Ian Tefft, Association of Washington Business, Olympia, WA, for Association of Washington Business, amicus curiae.
Robert A. Beattey; Keith Patrick Scully, Gendler & Mann, LLP, Seattle, WA, for Futurewise, amicus curiae.
C. JOHNSON, J.
¶ 1 This case involves a challenge to a conditional use permit issued by a hearing examiner for a development on the shoreline of Lake Chelan. On review, the superior court reversed the examiner and denied the permit. The Court of Appeals dismissed the developers' appeal as moot because (1) the permit required the developers complete conditions within two years, (2) two years had elapsed, and (3) the developers did not seek a stay on the superior court's decision or the permit's time limit. We conclude the developers, under these circumstances, were not required to seek a stay to preserve their rights on appeal. We therefore reverse and remand to the Court of Appeals for a decision on the merits.

FACTUAL AND PROCEDURAL HISTORY
¶ 2 Beginning in 1989, petitioner Robert Culp, P.E., for Munson Engineers, Inc., submitted an application on behalf of Anton Roeckl, doing business as WICO (the developers), for a conditional use permit as part of a plan to develop Roeckl's property on the shoreline of Lake Chelan. Over the years, the developers supplemented and revised their plans for the project on numerous occasions, the most recent plan filed in June 2005. In reviewing that plan, a Chelan County hearing examiner found the proposed development was subject to the less stringent land use regulations in effect in 1994 and approved the application. In August 2005, the examiner issued a conditional use permit requiring, inter alia, the developers to obtain all necessary approvals:
Failure to obtain ALL necessary approvals to proceed within 2 years of the Decision date will result in nullification of this conditional use permit.
Clerk's Papers (CP) at 188 (emphasis added).
¶ 3 Respondents Jeff Kelly and David and Nancy Dorsey (the neighbors) own property in the vicinity of the developers' work site. The neighbors opposed the project and appealed the examiner's decision to the Chelan County Superior Court under the Land Use Petition Act (LUPA), chapter 36.70C RCW. The superior court determined the developers' application did not vest in 1994 but was subject to new zoning regulations adopted in 2000. In May 2006, the superior court reversed the examiner's decision and revoked the permit.
¶ 4 The developers timely appealed but, while permitted to do so under LUPA, did not seek a stay of either the superior court decision or their permit's time limit. See RCW 36.70C.100(1) ("A petitioner or other party may request the court to stay or suspend an action by the local jurisdiction or another party to implement the decision under review."). The appeal continued for a *771 year until September 2007two years after the examiner granted the permitwhen the neighbors moved to dismiss the appeal as moot. The neighbors argued that because the developers failed to fulfill the requirements of the permit within the two-year time limit, the permit expired under its terms. The Court of Appeals agreed and dismissed the appeal without reaching the underlying merits of the case. Kelly v. Chelan County, 145 Wash.App. 166, 185 P.3d 1224 (2008).
¶ 5 We granted the developers' petition for review. Kelly v. Chelan County, 165 Wash.2d 1019, 203 P.3d 378 (2009).

ISSUE
¶ 6 After a trial court revokes a permit previously granted to developers by a hearing examiner, do the stay provisions of LUPA require the developers to seek a stay to preserve their rights on appeal?

ANALYSIS
¶ 7 The parties disagree about the effect of the superior court's decision in this case. The superior court ordered that the neighbors' "Land Use Petition is GRANTED" and "The Chelan County Hearing Examiner's August [19], 2005 Decision granting [the permit] is REVERSED and [the permit] is DENIED." CP 126. The effect of this decision upon the developers' appeal of this decision is an issue of first impression in Washington.
¶ 8 The neighbors argue the superior court decision invoked the stay provisions of LUPA. Because a party to a LUPA appeal may seek a stay of an action pending review pursuant to RCW 36.70C.100, the neighbors argue a "party must affirmatively seek such relief under RCW 36.70C.100(1)." Answer to Pet. for Review at 3. They allege that, absent a stay, the developers here had the right to proceed with their project. The neighbors conclude that the developers failed to perfect or protect their rights under the permit because they took "little, if any, action to meet the 76 conditions of approval ... [and] essentially did `nothing' to advance the project." Answer to Pet. for Review at 2. The developers argue that (1) before the superior court decision revoking their permit, they could not invest in the cost of meeting the conditions of the permit due to the risk of having the permit revoked and that (2) after the superior court decision revoking their permit, they were not permitted to advance the project.
¶ 9 First, the fact the developers did not take steps to satisfy the permit's conditions is immaterial. A risk is inherent in proceeding with the development when no permit exists including the costs of meeting permit conditions in the face of litigation that may result in the permit's revocation. See Richard L. Settle, Washington Land Use and Environmental Law and Practice § 8.7(a), at 252 (1983) ("[D]evelopment which occurs after the commencement of litigation is at the developer's risk.... [D]evelopers, and especially their lenders, generally are unwilling to assume this risk and hence refrain from development until litigation is concluded....").
¶ 10 Second, and more importantly, the developers did not have the right to proceed with their project after the superior court revoked their permit. If no stay is filed, the decision being appealed is effective pending review. Pinecrest Homeowners Ass'n v. Cloninger & Assocs., 151 Wash.2d 279, 287-88, 87 P.3d 1176 (2004). Here, the effective decision was the superior court's decision denying the permit. When the superior court reversed the examiner's decision and denied the developers' permit, the terms of the permit were effectively terminated pending review. The terms of the permit were both substantive and procedural and included the two-year time limit. Logically, the developers were not permitted to develop their property after the permit was subsequently denied by the superior court. Similarly, there would be little sense in construing the superior court's denial of the permit to both (1) prohibit the developers from development while the case is on appeal and (2) allow their time for development to continue to run down while the case is on appeal.
¶ 11 The effect of the superior court's decision in this case was the termination of the permit. The developers had no right to proceed with their project because they were not permitted to do so. The developers were not required to stay the two-year time limit because the time limit, along with the permit *772 itself, effectively stopped existing the moment the superior court denied the permit. No rights legally existed that could be affected by a stay. The only action available to the developers was the one taken: appealing to the Court of Appeals.
¶ 12 The Court of Appeals' reliance on Gold v. Kamin, 170 Ill.App.3d 312, 120 Ill. Dec. 595, 524 N.E.2d 625 (1988) is misplaced. In Gold, the superior court affirmed the examiner's decision granting a permit with an 18-month time limit, and the opponents to the developers appealed. There, the Court of Appeals dismissed the appeal as moot after 18 months had passed because the developers had failed to seek a stay of the time limit. Gold is distinguishable from the present case because there the superior court affirmed the granting of the permit; because the permit was not denied, the permit and its corresponding time limit remained in effect absent a stay. The developers could, under those circumstances, proceed with the project. To avoid the risks of losing on appeal, a stay could have been entered to preserve their rights. But we can contrast a case like Gold, where a developer is permitted to develop his property on appeal (after the superior court affirmed the granting of the permit), with the present case, where the developers were not permitted to develop their property on appeal (after the superior court denied the granting of the permit). In the latter case, no development can occur where no permit exists.
¶ 13 We conclude in this case that the two-year time limit of the developers' conditional use permit, granted by the hearing examiner on August 19, 2005, was terminated pending appellate review when denied by the superior court on May 22, 2006. If the developers are successful on review, the effect will be to reinstate the hearing examiner's decision.

CONCLUSION
¶ 14 We hold that when a trial court denies a permit previously granted by a hearing examiner, that permit's time limit is terminated unless the permit is reinstated on appeal. We reverse and remand to the Court of Appeals for a decision on the merits.
WE CONCUR: ALEXANDER, C.J., MADSEN, SANDERS, CHAMBERS, OWENS, FAIRHURST, J.M. JOHNSON and STEPHENS, JJ.